STATE OF NEBRASKA, APPELLANT, V. BRUCE ALLEN WILKINSON,
APPELLEE.

365 N.W.2d 478

Filed April 5, 1985.   No. 84-745.

James R. Kozel, Deputy Platte County Attorney, for appellant.

Mark M. Sipple of Luckey, Sipple, Hansen & Emerson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is a proceeding under Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 1984) to review the order of the district court affirming the order of the county court dismissing with prejudice a felony complaint against the defendant, Bruce Allen Wilkinson.

The defendant was arrested on April 13, 1983, in Platte County, Nebraska, for possession of a controlled substance, a Class IV felony. The next day, the defendant posted bond and was released from custody. At that time the defendant agreed to appear before the court at a later date to answer charges against him. When no charges had been filed by April 28, 1983, the defendant's bond was discharged.

On November 18, 1983, a complaint charging the defendant with possession of a controlled substance was filed. The defendant was brought before the county judge on February

17, 1984, and a date was set for a preliminary hearing. The defendant then filed a motion for discharge setting forth the above facts and alleging that he had been denied his constitutional right to a speedy trial. The county court found that the defendant's motion should be sustained and dismissed the complaint with prejudice. The State then appealed to the district court, where the order was affirmed.

The issue here is whether a county judge sitting as an examining magistrate has jurisdiction to dismiss a felony complaint with prejudice.

A preliminary hearing is not a criminal prosecution or a trial. "Its purpose is to ascertain whether or not a crime has been committed, and whether or not there is probable cause to believe the accused committed it." *Delay v. Brainard*, 182 Neb. 509, 512, 156 N.W.2d 14, 17 (1968).

After the defendant had been charged with a felony, he was entitled to a preliminary hearing pursuant to Neb. Rev. Stat. § 29-504 (Reissue 1979). The scope of that hearing is defined in Neb. Rev. Stat. § 29-506 (Reissue 1979), which provides:

> If upon the whole examination, it shall appear that no offense has been committed or that there is no probable cause for holding the accused to answer for the offense, he shall be discharged; but if it shall appear that an offense has been committed and there is probable cause to believe that the person charged has committed the offense, the accused shall be committed to the jail of the county in which the same is to be tried, there to remain until he is discharged by due course of law . . . .

In this case the county judge was sitting as an examining magistrate. Neb. Rev. Stat. § 29-201 (Reissue 1979). A magistrate's function at a preliminary hearing is solely to determine those issues set forth in § 29-506. As stated in *Van Dam v. Morris*, 571 P.2d 1325, 1327 (Utah 1977):

> The authority of a magistrate is purely statutory. A judge, who sits as a magistrate does not carry his court or his judicial attributes with him, except to the extent they inhere in the office of magistrate.

> The statutory power conferred on a magistrate conducting a preliminary hearing is limited to discharging

the defendant . . . or holding him for proceedings in the district court . . . . The powers to dismiss criminal proceedings . . . are conferred on courts in the proper exercise of their respective jurisdictions.

A magistrate's authority does not extend to adjudicating whether the defendant was denied a speedy trial. See *Janklow v. Keller*, 90 S.D. 168, 238 N.W.2d 688 (1976). The court which has jurisdiction over the felony is the proper forum for such a determination.

EXCEPTION SUSTAINED.