**BOYD B. BROWN, JR., Appellant/Defendant**
**v.**
**EMILY BROWN, Appellee/Plaintiff**

S. Ct. Civil No. 2013-0020

Supreme Court of the Virgin Islands

September 6, 2013

BOYD B. BROWN, JR., St. Thomas, USVI, *Pro se*.

EMILY BROWN, St. Thomas, USVI, *Pro se*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 6, 2013)

PER CURIAM. This matter comes before the Court on Appellant's March 11, 2013 notice of appeal, in which he states that he wishes to appeal a February 20, 2013 Order signed by Judge Kathleen Mackay. Since Judge Mackay issued the February 20, 2013 Order while acting as a Superior Court magistrate, we dismiss this appeal for lack of appellate jurisdiction.

## I. BACKGROUND

Appellee filed an application for a domestic violence restraining order against Appellant on July 28, 2009, which was assigned to the Magistrate Division of the Superior Court. *See* V.I. CODE ANN. tit. 4, § 123(a)(5). On August 6, 2009, then-Magistrate Mackay held a hearing and granted Appellee's request for a permanent restraining order. The next day, Appellant filed a document, captioned as a "Motion for Reconsideration," requesting that the restraining order be vacated on the grounds that Magistrate Mackay should have recused herself. On September 23, 2009, Magistrate Mackay signed an Opinion and Order denying Appellant's motion.

Nearly three years later, on September 13, 2012, Appellant filed a document, captioned as a "Motion for Writ of Review and Evidentiary Hearing," which the Clerk of the Superior Court construed as an appeal of Magistrate Mackay's September 23, 2009 Opinion. *See* SUPER. CT. R. 322.1(b)(1)(B) ("[T]he Clerk shall accept any paper or notice filed after the decision of a magistrate and shall deem the same to be a petition for review, despite its form, title, or its informality, so long as the substance evidences an intent to appeal a magistrate decision."). On December 11, 2012, Appellant moved to voluntarily dismiss his appeal on the grounds that he wished to "re[file] this matter for an evidentiary hearing" before Magistrate Mackay. (J.A. 66.) In a December 24, 2012 Order, the Appellate Division of the Superior Court dismissed Appellant's appeal. (J.A. 64.)

On January 31, 2013, Appellant filed with the Superior Court a "Motion to Show Cause for Evidentiary Hearing," in which he requested

that Magistrate Mackay provide him with various forms of relief, including clarifying the relationship between the permanent restraining order and two other orders—both also signed by Magistrate Mackay — entered in a probate matter, *Estate of Boyd B. Brown*, Super. Ct. PB. No. 84/2007 (STT), and a forcible entry and detainer case, *Brown v. Brown*, Super. Ct. Civ. No. 323/2009 (STT). However, on November 17, 2012, the Legislature confirmed the nomination of Magistrate Mackay to the position of Superior Court judge. Nevertheless, "due to the fact that there was a significant delay in appointing a magistrate to succeed her, Judge Mackay continued to serve exclusively in the Magistrate Division until July 8, 2013." *Vanterpool v. Gov't of the V.I.*, Super. Ct. Civ. No. 455/2004, slip op. at 1-2 (V.I. Super. Ct. Sept. 4, 2013). Thus, rather than re-assigning the matter to a different magistrate, the Clerk of the Superior Court transmitted Appellant's motion to now-Judge Mackay, who, in the February 20, 2013 Order, denied the motion after construing it as a motion for relief from judgment under Federal Rule of Civil Procedure 60. (J.A. 37-39.)

On March 11, 2013, Appellant filed a notice of appeal with the Clerk of the Superior Court, which simply stated that he wished to appeal the February 20, 2013 Order, but did not specify whether he wished to appeal to the Appellate Division of the Superior Court, or to this Court. The Clerk of the Superior Court transmitted Appellant's notice of appeal to the Clerk of the Supreme Court, who docketed it on March 14, 2013. This Court established briefing deadlines in an April 8, 2013 Scheduling Order and, after receiving an extension of time, Appellant timely filed his brief on July 1, 2013. Although the time to file her principal brief has lapsed, Appellee has not filed a brief or any other documents with this Court.

## II. JURISDICTION

Prior to considering the merits of an appeal, this Court must first determine if it has appellate jurisdiction over the matter. *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't*, 50 V.I. 276, 279 (V.I. 2008). In his brief, Appellant contends that this Court possesses jurisdiction over this appeal pursuant to section 32(a) of title 4 of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). However, a decision rendered by the Magistrate Division of the Superior

Court does not constitute a final appealable order under section 32(a) until and unless it has been first appealed to, and considered by, the Appellate Division of the Superior Court. *Lehtonen v. Payne*, 57 V.I. 308, 312 (V.I. 2012); *H & H Avionics, Inc. v. V.I. Port. Auth.*, 52 V.I. 458, 461-63 (V.I. 2009).

We conclude that we lack jurisdiction over this appeal.[1] The Virgin Islands Code does not simply provide that all appeals from decisions rendered by Superior Court magistrates are appealable to Superior Court judges; rather, it provides that "[a]ll appeals *from the Magistrate Division* . . . must be filed in the Superior Court . . . ." 4 V.I.C. § 125 (emphasis added). The Magistrate Division of the Superior Court need not consist solely of magistrates; pursuant to statute, "[t]he Magistrate Division consists of no fewer than two magistrates per judicial district *and other officers* and employees *as the Presiding Judge of the Superior Court considers necessary* for the proper administration and performance of the duties and functions of the division." 4 V.I.C. § 121 (emphasis added). *See Brady v. Gov't of the V.I.*, 57 V.I. 433, 439 (V.I. 2012) (identifying Superior Court judges as "officers") (citing 4 V.I.C. § 72(c)). And the Virgin Islands Code explicitly authorizes the Presiding Judge of the Superior Court to assign Superior Court judges to the Magistrate Division. 4 V.I.C. § 79(a) ("The Superior Court shall be comprised of criminal, civil, traffic family, *magistrate's*, conciliation and small claims divisions . . . . The presiding judge shall from time to time *designate and assign judges to sit in the various divisions of the court . . .* as the business of the court may require."). (emphases added).

When a senior judicial officer elects to hear a case that is traditionally within the purview of more junior judicial officers, the same

---

[1] This Court, "sua sponte or upon motion by a party . . . may take summary action . . . dismissing an appeal if it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." V.I.S.Ct. I.O.P. 9.4. To qualify for summary action, the disposition should "rest[] on a narrow and clear-cut issue of law." *Oliver T. Carr Mgmt., Inc. v. National Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979). "[T]he granting of summary disposition is not an extraordinary remedy"; rather, "it is an essential part of [a] court's system of case management that allows the court to manage its very large case load." *Watson v. United States*, 73 A.3d 130, 131 (D.C. 2013). Because Appellant filed his merits brief, in which he was required to set forth the basis for this Court's jurisdiction "with citation to applicable statutory provisions," V.I.S.Ct.R. 22(a)(2)(i), this Court may take summary action without the need for further notice or briefing. V.I.S.Ct. I.O.P. 9.4.

587

procedural rules continue to apply. *See, e.g., People v. Randall*, 35 Cal. App. 3d 972, 111 Cal. Rptr. 590, 593 (Cal. Ct. App. 1973) ("A judge does not take his court with him when he sits as a magistrate. . . . Justices of the supreme court, judges of the superior court, justices of the peace and police judges, when sitting as magistrates, have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices.") (quoting *People v. Crespi*, 115 Cal. 50, 46 P. 863, 864 (Cal. 1896)); *Ex Parte Knight*, 904 S.W.2d 722, 726 (Tex. App. 1995) ("When a justice court holds an examining trial, he sits as a magistrate and not as a justice of the peace, and his powers and jurisdiction are those of the magistrate and not those of a justice of the peace.") (citing *Brown v. State*, 55 Tex. Crim. 572, 118 S.W. 139, 142 (Tex. Crim. App. 1909)); *Alford v. City and County of Honolulu*, 109 Haw. 14, 122 P.3d 809, 816 (Haw. 2005) ("Hence, the [tax appeal] court is . . . separate and distinct from the circuit court, although presided over by a circuit court judge."); *Dunlap v. Superior Ct.*, 169 Ariz. 82, 817 P.2d 27, 29-30 (Ariz. Ct. App. 1991) ("It is well recognized that a superior court judge may sit as a committing magistrate . . . . His status and jurisdiction, sitting as a magistrate, is neither enlarged nor diminished by the extent of his jurisdiction to hear or try criminal cases. All judicial officers sitting as magistrates have equal rank . . . ."); *Van Dam v. Morris*, 571 P.2d 1325, 1327 (Utah 1977) ("A judge, who sits as a magistrate does not carry his court or his judicial attributes with him, except to the extent they inhere in the office of magistrate."); *State v. Wilkinson*, 219 Neb. 685, 365 N.W.2d 478, 479-80 (Neb. 1985) (same) (quoting *Van Dam*, 571 P.2d at 1327); *Oregon State Bar v. Wright*, 280 Ore. 693, 573 P.2d 283, 289 (Or. 1977) ("When a district judge undertakes to exercise the powers and duties of a justice of the peace . . . he is then sitting as a justice of the peace. It follows that an appearance before him under such circumstances is not an appearance in a district court, but is an appearance in a justice court.").

■ The reasons for such a rule are clear: litigants in domestic violence, small claims, traffic, and other matters within the original jurisdiction of the Magistrate Division should not be subject to different procedural rules based on the rank of the judicial officer that hears their case. *Accord In re Matter of R.A.R.*, 464 N.W.2d 883, 884 (Iowa 1991) ("Appeals from judgments or orders of associate judges while exercising the jurisdiction of magistrates are governed by the laws relating to the appeals from

judgments and orders of magistrates."). While this means that senior judicial officers who elect to hear such cases may have their decisions reviewed by their colleagues on appeal, there is nothing unusual or improper about such a procedure.[2] *See, e.g.*, *Heislup v. Town of Colonial Beach, Va.*, 813 F.2d 401 (4th Cir. 1986) (unpublished) (opinion of the Fourth Circuit reversing decision by United States Supreme Court Associate Justice William Rehnquist, who sat by designation to hear a trial in the Eastern District of Virginia); *Hillhouse v. Harris*, 715 F.2d 428 (8th Cir. 1983) (opinion of the Eighth Circuit affirming decision by Circuit Judge Richard S. Arnold, a fellow Eighth Circuit judge who sat by designation in the Western District of Arkansas).

 In this case, despite her elevation to the position of Superior Court judge, Judge Mackay unquestionably served in a magistrate capacity when she issued the February 20, 2013 Order.[3] Since Judge Mackay, by assignment or otherwise, continued to exercise the jurisdiction of a magistrate despite her elevation, the traditional appellate procedure applicable to appeals of Magistrate Division decisions continues to apply. Because that procedure has not been followed in this case, this Court lacks jurisdiction to review the February 20, 2013 Order.

## III. CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction.

---

[2] For example, Superior Court judges routinely review the decisions of fellow Superior Court judges when prisoners file habeas corpus petitions seeking review of their convictions, or if a new Superior Court judge is assigned to hear a case after another judge's recusal or retirement.

[3] Thus, the instant appeal differs from *Azille v People*, S. Ct. Crim. No. 2011-0033, 2012 V.I. Supreme LEXIS 46, *5 (V.I. May 2, 2012), a case where this Court exercised appellate jurisdiction in the first instance because the record unquestionably reflected that the matter had been transferred from the Magistrate Division to the Criminal Division after trial but prior to sentencing.