**WILD ORCHID FLORAL AND EVENT DESIGN,**
**Plaintiff/Petitioner on Review**

**v.**

**BANCO POPULAR DE PUERTO RICO,**
**Defendant/Respondent on Review**

Case No. SX-12-SM-600

Superior Court of the Virgin Islands

Division of St. Croix

April 8, 2015

KYE WALKER, ESQ., The Walker Legal Group, Christiansted, St. Croix, USVI, *Attorney for Petitioner*.

LESLIE A. KELLEY, ESQ., Nichols, Newman, Logan & Grey, P.C., Christiansted, St. Croix, USVI, *Attorneys for Respondent.*

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(April 8, 2015)

**THIS MATTER** is in the Appellate Division of the Superior Court based on a petition for review Beatrice Ramos filed on behalf of her business, Wild Orchid Floral & Event Design.[1] Wild Orchid, the plaintiff in the Magistrate Division and the petitioner on internal appeal to the Appellate Division, appeals from a judgment issued by the Magistrate Court that dismissed Wild Orchid's debt claim against Banco Popular de Puerto Rico, the defendant below and the respondent on appeal, and found instead for Banco Popular on its counterclaim against Wild Orchid. While the internal appeal was pending in the Appellate Division, the Supreme Court of the Virgin Islands issued its decision in *Government of the Virgin Islands v. Connor*, 60 V.I. 597 (2014). In light of *Connor*, the Court issued an order, entered September 17, 2014, directing the parties to brief whether the Magistrate Court's judgment should be reversed and remanded for erroneous application of the law like the judgment in *Connor*, which was summarily reversed and remanded. Wild Orchid filed a response, opposing reversal. Banco Popular failed to respond, resulting in the Court finding that it had forfeited the right to be heard on the question of remand. Having considered Wild Orchid's response, the Court concludes, for the reasons given below, that this matter must be reversed and remanded to the Magistrate Division in light of *Connor*.

## FACTUAL AND PROCEDURAL BACKGROUND

Banco Popular hired Beatrice Ramos, doing business as Wild Orchid Floral & Event Design, in 2012 to decorate its three bank branches on St.

---

[1] Although the complaint, as initially filed in the Small Claims Division of the Superior Court, was captioned *"Beatrice Ramos d/b/a Wild Orchid Floral Event Design v. Banco Popular de. P.R.,"* the clerk's office docketed this matter as *"Wild Orchid Floral and Event Design v. Banco Popular de Puerto Rico,"* which is also how nearly all of the subsequent pleadings, orders, notices, and other filings were captioned, including the petition for review. Therefore, the Court deems the caption amended and styles this opinion and order "in accordance with the original caption of the case." SUPER. CT. R. 322.1(i)(F).

Croix for the Christmas holidays. Wild Orchid billed Banco Popular $22,444 for labor, merchandise, and other costs incurred. Banco Popular only paid $11,898.85, leaving a balance of $10,545.15. Because Banco Popular "decided not to pay," (Compl. 1, filed Dec. 19, 2012), Wild Orchid filed a complaint in the Small Claims Division of the Superior Court, seeking judgment for the unpaid balance plus court costs. Banco Popular filed an answer, denying that it owed Wild Orchid and alleging, through a counterclaim, that Wild Orchid instead owed Banco Popular because the bank overpaid for labor and paid for merchandise not used to decorate the bank's branches. Banco Popular demanded judgment of $8,148.85 on its counterclaim for unearned labor costs and erroneously reimbursed merchandise fees.

The parties appeared for a bench trial before the Magistrate Court on February 5, 2013.[2] Ms. Ramos appeared on behalf of Wild Orchid. Oran Bowry appeared on behalf of Banco Popular. Both Ms. Ramos and Mr. Bowry gave testimony and submitted photographs and other documents to the court, which were identified as exhibits but which, according to the record, were not expressly admitted into evidence. Mr. Bowry also called Maureen Burke-Ventura, Vice-President and Manager of Facilities and Interior Services for Banco Popular, who testified. After hearing the testimony and evidence, the Magistrate Court took the matter under advisement and, in a judgment entered February 21, 2013, found in favor of Banco Popular and against Wild Orchid.

Citing Section 4 of Title 1 of the Virgin Islands Code, the Magistrate Court's February 21, 2013 Judgment began its analysis by stating that "[t]he Restatements of the Law is [the] law of the Virgin Islands" and then citing and applying various provisions of the Restatement (Second) of Contracts. (Jgmt 4, entered Feb. 21, 2013.) In particular, the Magistrate Court applied Section 223 of the Restatement (Second) of Contracts to conclude that the parties' "previous course of conduct" between the years 2009 and 2011 revealed that the amounts Wild Orchid charged in 2012 were "grossly disproportionate" to their "past practices." (Jgmt. 5, 7.) The court then awarded judgment to Banco Popular on its counterclaim in the amount of $5,165.76, reflecting an amount the court found that Banco

---

[2] A hearing was initially scheduled for January 16, 2013 but was continued to February 5, 2013 due to unforeseen circumstances but otherwise not explained in the record.

Popular had overpaid to Wild Orchid for labor costs and merchandise fees.

Through counsel, Wild Orchid filed a timely petition for review, asserting that the Magistrate Court's conclusions were "erroneous" and requesting that "a trial judge review" the February 21, 2013 Judgment. (Pet'r Pet. for Review 2-3, filed Mar. 5, 2013.) Also on March 5, 2013, Wild Orchid submitted an expedited request for a transcript of the February 5, 2013 bench trial, which was submitted approximately two weeks later, on March 22, 2013. Two days after the transcript was submitted, the Clerk's Office sent a letter, dated March 25, 2013 and docketed March 26, 2013, to Wild Orchid's attorney, with a copy to Mr. Bowry and the Magistrate Court, noting the duties and requirements associated with filing an internal appeal to the Appellate Division, including the requirement of filing "a brief outlining the issues and arguments" for the court, which was due "no later than fourteen (14) days after the transcript is filed." (Letter 2, filed Mar. 26, 2013 (emphasis omitted).) Because the transcript was submitted on March 22, 2013, Wild Orchid's brief would have been due fourteen days later, or on April 5, 2013. But rather than file its brief on April 5, 2013, Wild Orchid instead filed a motion requesting a one-day extension of time to file its brief — or until Monday, April 8, 2013 because April 5, 2013 was a Friday — due to the professional demands of its attorney to other matters. Although Banco Popular had not yet appeared on appeal, the Court allowed time for it to respond before granting the request since Wild Orchid had served a copy of its motion on Mr. Bowry. When no response was filed, the Court granted Wild Orchid's motion in an order entered on April 22, 2013. Subsequently, on April 29, 2013, counsel for Banco Popular filed a notice of appearance.

Nothing further occurred until several months later when Wild Orchid, on November 21, 2013, filed its brief and also filed a motion for leave to file its brief out of time. Because the docket did not show (and in fact still does not show) that Wild Orchid had filed a motion for permission to file its brief late, the Court issued an order, entered December 3, 2013, noting that Wild Orchid had initially requested a one-day extension but instead took approximately seven months before filing its brief. The Court further ordered Wild Orchid to show cause in writing why its brief should be accepted, held Banco Popular's time to file a responsive brief in abeyance pending the Court's decision to accept Wild Orchid's late-filed brief, and

then granted Banco Popular leave to respond to Wild Orchid's response to the December 3, 2013 Order. Wild Orchid filed its response on December 23, 2013, explaining that counsel "had completely failed to file the brief" in part due to other professional demands and also in part because the April 22, 2013 Order granting its one-day extension request had "slipped through the cracks." (Pet'r's Resp. to Ct.'s Order of Dec. 3, 2013 2-3, filed Dec. 23, 2013.) Banco Popular did not file a response within the time given.

While the Court had Wild Orchid's response under review, and while awaiting a response from Banco Popular, the Supreme Court of the Virgin Islands issued an order on January 17, 2014 in *Government of the Virgin Islands v. Connor*, in which it questioned whether the judgment in that case should be summarily reversed and remanded because the Superior Court had applied various provisions of the Restatements of the Law through Section 4 of Title 1 of the Virgin Islands Code despite the Supreme Court's decision in *Banks v. International Rental and Leasing Corporation*, 55 V.I. 967 (2011), holding that Section 4 had been impliedly repealed. (*See generally Gov't of the V.I. v. Connor*, S. Ct. Civ. No. 2013-0095 (V.I. Jan. 17, 2014) (order requesting briefing).) The Supreme Court issued its decision approximately a month later. In its February 24, 2014 opinion, the Supreme Court held that the Superior Court had erred by failing "to perform a *Banks* analysis and instead apply[ing]" the Restatements through "former 1 V.I.C. § 4." *Connor*, 60 V.I. at 602. Explaining that "mechanistic and uncritical reliance on the Restatements has the effect of inappropriately delegating the judicial power of the Virgin Islands to the American Law Institute and to the governments of other jurisdictions, without any regard for determining the best rules for the Virgin Islands," the Supreme Court reversed and remanded for the Superior Court to "conduct the appropriate *Banks* analysis." *Id.* at 602, 604. Although the Supreme Court acknowledged that it "clearly possess the authority to disregard the Superior Court's legal analysis — or lack thereof — and consider the *Banks* factors *sua sponte* for the first time on appeal," the Court reasoned that the more "appropriate" course was to reverse and remand for the trial court to perform the *Banks* analysis "in the first instance" because like "every judicial system in the United States" the Virgin Islands has its court system "arranged in a pyramid, with trial courts at its base and a single court at the top with ultimate authority," through which the "independent

245

decisions of lower courts" leads to improved "quality of appellate decisions." *Id.* at 603-04 (internal quotation marks, citations, and alterations omitted).

Following the Supreme Court's decision in *Connor*, this Court, in an order entered September 17, 2014, questioned

> whether the Court should allow the parties to address the issue [of *Connor*] in their briefs or whether the Court should instead — like the Supreme Court in *Connor* — summarily reverse and remand this matter to the Magistrate Court to "determine, on the record, the appropriate common law rules by first ascertaining whether any Virgin Islands courts have previously adopted a particular rule, then identifying the position taken by a majority of courts from other jurisdictions, and finally determining which approach represents the soundest rule for the Virgin Islands."

(Order 2-3, entered Sept. 17, 2014 (quoting *Connor*, 60 V.I. at 605).) The Court then gave both parties leave to brief whether the February 21, 2013 Judgment should be reversed in light of *Connor*. Additionally, because Wild Orchid's November 21, 2013 motion was in the court's file, but not reflected on the docket, the Court vacated the December 3, 2013 Order and accepted Wild Orchid's late-filed brief.

In response to the September 17, 2014 Order, Wild Orchid filed a motion, on October 1, 2014, requesting an extension of ten days to file its response, again due to the professional obligations of its counsel. On October 14, 2014, Wild Orchid filed its response to the September 17, 2014 Order. When Banco Popular again failed to respond, either to Wild Orchid's October 14, 2014 Response or to its October 1, 2014 Motion, the Court issued an order, entered December 16, 2014, granting Wild Orchid's request for additional time, deeming its October 14, 2014 Response timely, and concluding that Banco Popular had forfeited its right to be heard on the issue of reversal.

## DISCUSSION

The Virgin Islands Legislature created a Magistrate Division within the Superior Court of the Virgin Islands and vested in that division jurisdiction over litter cases, civil domestic violence complaints, landlord and tenant actions, non-felony traffic offenses, forcible entry and detainer

actions, small claims cases, probate matters, and misdemeanor criminal cases where the maximum punishment is not more than six months imprisonment. 4 V.I.C. §§ 121, 123(a). Such matters have become known as the "original jurisdiction" of the Magistrate Division. *Cf. In re Estate of Small*, 57 V.I. 416, 428 (2012) ("Under section 123(a), the Legislature provided the Magistrate Division the original jurisdiction to hear certain kinds of cases without the oversight of a Superior Court judge." (citing 4 V.I.C. § 123(a))). *Accord Moore v. Walters*, SX-09-SM-203, 2013 V.I. LEXIS 73, *6 (Super. Ct. App. Div. Sept. 25, 2013), *aff'd, Moore v. Walters*, 61 V.I. 502 (V.I. 2014). And even though the statute giving jurisdiction over such cases to the Magistrate Division declares that "[e]ach magistrate *may*" hear such cases, 4 V.I.C. § 123(a) (emphasis added), binding precedent has essentially construed "may" to mean "shall." In other words, whether an original jurisdiction matter is presided over by a Superior Court magistrate or a Superior Court judge, the matter is still heard within the Magistrate Division and therefore must be reviewed by a Superior Court judge in the Appellate Division before the order or judgment can be deemed final. *See Brown v. Brown*, 59 V.I. 583, 587 (2013) ("The Virgin Islands Code does not simply provide that all appeals from decisions rendered by Superior Court magistrates are appealable to Superior Court judges; rather, it provides that all appeals from the Magistrate Division must be filed in the Superior Court. The Magistrate Division of the Superior Court need not consist solely of magistrates." (internal quotation marks, citations, alterations, and ellipses omitted)). *See also H&H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 462 (2009) ("orders entered by magistrates are not final because a trial court's decision-making power is ultimately vested in its judges and thus, when an order — even a dispositive one — is entered by magistrate instead of a judge, a final order from the trial court does not exist.").

▇ In reviewing decisions from the Magistrate Division, the Appellate Division judge functions as an appellate court reviewing the factual determinations of the magistrate court for clear error and its legal findings, statements of law, and the application thereof under a plenary standard. *See generally* SUPER. CT. R. 322.3(b). *Accord Estate of Small*, 57 V.I. at 429 ("the magistrate is the finder of fact for all section 123(a)(4) original jurisdiction cases. A contrary rule allowing a party to create or submit additional factual materials to affect disposition of the appeal to the [Appellate Division] would undermine the integrity of the magistrate

fact-finding process and would be unfair; it would deprive a magistrate of information needed for an informed decision in light of all of the evidence and would invite either inefficient or inadequate preparation for magistrate proceedings, or worse, strategic 'sand bagging.' "). The appellate court cannot disregard these standards of review or take additional evidence on review because setting these review standards aside " 'would render the proceedings that occurred in the Magistrate Division a complete nullity, and signal to the magistrates in these cases that the work they dedicated to constructing the record is a complete waste of time.' " *Ferris v. Withey*, SX-14-SM-038, 2014 V.I. LEXIS 48, *3 (Super. Ct. App. Div. May 9, 2014) (unpublished) (quoting *Henry v. Dennery*, S. Ct. Civ. No. 2012-0130, 2013 V.I. Supreme LEXIS 4, *7 (S. Ct. Jan. 11, 2013) (unpublished). Instead, the appellate court can only affirm, reverse, or reverse and remand. SUPER. CT. R. 322.3(c).

Here, before the Magistrate Court's February 21, 2013 Judgment can become final — and presumably enforceable as well — it must first be reviewed by a judge sitting in the Appellate Division of the Superior Court.[3] But because the Appellate Division is limited solely to reviewing the decisions issued by the Magistrate Division, and further because the magistrate court is the trial court in Section 123(a) original jurisdiction matters, the Court questioned whether, like *Connor*, it should also find error in the trial court's erroneous application of the Restatements and reverse and remand for the Magistrate Court to " 'determine, on the record, the appropriate common law rules by first ascertaining whether any Virgin Islands courts have previously adopted a particular rule, then identifying the position taken by a majority of courts from other jurisdictions, and finally determining which approach represents the

---

[3] While it is clear that orders issued by the Magistrate Division that have been reviewed and affirmed by the Appellate Division are considered final, appealable orders to the Virgin Islands Supreme Court, it is not clear yet whether orders reviewed in the Appellate Division but reversed and remanded for further proceedings would also be considered final, appealable orders from the Superior Court. The Court does note that the United States Court of Appeals for the Third Circuit has held that its appellate jurisdiction — on which the Legislature modeled the Virgin Islands Supreme Court's jurisdiction — "preclude[d] . . . review" of orders issued by the Appellate Division of the District Court of the Virgin Islands "that reverse and remand to the Superior Court because such orders are not final" under 48 U.S.C. § 1613a(c). *Hodge v. Bluebeard's Castle, Inc.*, 392 Fed. App'x 965, 971 (3d Cir. 2010) (citing *In re Alison*, 837 F.2d 619, 620 (3d Cir. 1988) and *Gov't of the V.I. v. Hodge*, 359 F.3d 312, 318, 45 V.I. 738 (3d Cir. 2004)).

soundest rule for the Virgin Islands.' " (Order 2-3, entered Sept. 17, 2014 (quoting *Connor*, 60 V.I. at 605).) In its response to that question, Wild Orchid opposed reversal, asserting that "[t]he interests of judicial economy dictate that this Court" and not the Magistrate Court "determine[ ] the soundest rule for the Virgin Islands." (Pet'r's Resp. to Ct. Order 2, filed Oct. 14, 2014 ("Pet'r Resp.").) Wild Orchid also raises three arguments against reversal, each of which will be addressed below but unfortunately without the input from the prevailing party, Banco Popular, since it forfeited its right to be heard by failing to respond.

Wild Orchid's first argument concerns the benefit of "legal research" and "legal argument" that the parties could submit to the appellate court on the "purely legal issue[s]" raised by this appeal, (Pet'r Resp. 2), but which they cannot submit to the magistrate court because legal representation is not permitted in the Small Claims Division. *Cf.* 4 V.I.C. § 112(d) ("Neither party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a personal representative."). But this argument assumes that "parties are permitted legal representation when litigating the review[s]" filed in the Appellate Division, (Pet'r Resp. 2), an issue that has not yet been addressed by any court in the Virgin Islands. In other words, it is not at all clear, despite Wild Orchid's contention, that counsels should be allowed to appear on appeal to the Appellate Division from a case filed in the Small Claims Division and tried in the Magistrate Division, particularly considering that the internal review process is — because the Legislature vested jurisdiction over the Small Claims Division in the Magistrate Division — the last step towards finalization of cases that should be presided over "as informal[ly] and summar[ily] as is consistent with justice." 4 V.I.C. § 111. Here, for example, the appearance of counsels has partly contributed to this small claims case — which went to trial and had judgment entered all within a few months of it being filed — remaining pending in the Appellate Division for more than two years after the petition for review was filed. Counsel for Banco Popular failed to file any document on appeal beyond a notice of appearance, which, as noted above, resulted in it forfeiting its right to be heard on the question of reversal and remand in light of *Connor*. Similarly, counsel for Wild Orchid has filed three requests for extensions of time since appearing due in large part to other professional obligations. While the Court understands such constraints, and also found good cause to grant each

request, it is certainly not clear that the appearance of counsels, even assuming that counsels can appear in this instance, has benefited this matter such that it compels the conclusion that this Appellate Court should set aside mandatory standards of review and instead decide in the first instance what law governs the factual questions raised by this appeal. For this reason, the Court rejects Wild Orchid's argument that judicial economy weighs in against reversal and concludes instead that it actually mitigates in favor of reversal.

The second argument Wild Orchid makes does not concern Wild Orchid itself, but rather Virgin Islands jurisprudence generally and the precedential effect of the Magistrate Court's determination on remand. In opposing reversal, Wild Orchid argues that the Magistrate Court's decision on remand "would not be binding on any other courts of the Virgin Islands because such determination would not be considered local law" in that it "would not be binding on the Superior Court or the District Court when applying local law in the absence of the Supreme Court's interpretation of that law." (Pet'r Resp. 2-3.) But this argument — while completely ignoring that Superior Court magistrates can publish opinions where "novel" or "constitutional" issues such as those arising from *Connor* are raised, *see* SUPER. CT. R. 324 — also assumes that the decision of this Appellate Court would have precedential value, and presumably binding precedential value. Once again Wild Orchid touches on an open question, namely the precedential value of decisions of the Appellate Division of the Superior Court. No court has yet addressed whether the decision of a single judge sitting in the Appellate Division is, or should be, binding or merely persuasive on other Superior Court judges sitting in the Appellate Division and likewise whether such decisions should be binding or just persuasive on the Magistrate Division. While Wild Orchid's argument indirectly raises important questions, concern over the precedential value of the Magistrate Court's decision on remand ignores that the trial court has a key role to play in deciding what the soundest rule for the Virgin Islands should be. *Connor*, 60 V.I. at 604 ("the Superior Court possesses, in the absence of binding precedent from this Court, concurrent authority with this Court to shape Virgin Islands common law.") And since the magistrate court is the trial court in Section 123(a) cases, the Magistrate Division also has the power and responsibility "to shape the common law," *id.* at 605, a responsibility that this Appellate Court believes it shares equally with every other division of

the Superior Court. *Cf. Ferris*, 2014 V.I. LEXIS 48 at *9-11. But more importantly — and what Wild Orchid overlooks — is that the power to shape the common law is premised on ensuring that people, like the parties to this appeal, who came before the courts of the Virgin Islands do not find their cases subordinated "to the American Law Institute and to the governments of other jurisdictions, without any regard for determining the best rules for" them as residents of "the Virgin Islands." *Connor*, 60 V.I. at 602. By focusing on the precedential value of a magistrate court decision on remand, Wild Orchid ignores that its own debt claim could have been subordinated by the Magistrate Court applying the Restatements in denying it. For this reason, the Court rejects Wild Orchid's second argument.

Wild Orchid's last argument is a practical one. Noting that "damages are capped at $10,000.00" in cases filed in the Small Claims Division and that "[a] second appeal will cause the parties to incur additional expenses that may exceed the amount of damages they actually seek," Wild Orchid argues against "remanding this purely legal matter to the Magistrate Division." (Pet'r Resp. 3.) Instead, Wild Orchid asserts that "increased attorney fees and expenses . . . could be avoided if this Court resolves the legal issue in the first instance." *Id.* But this argument disregards the distinction between the Magistrate Division and the Appellate Division, assumes that the appellate court can modify decisions issued by the Magistrate Division, and further ignores that Wild Orchid presently owes Banco Popular $5,165.75 under the February 21, 2013 Judgment. Since the parties did not have counsel at trial and since they cannot have counsel on remand to the Small Claims Division, it is unclear what additional expenses Wild Orchid is concerned about. Even if the Magistrate Court were to reach the same conclusion on remand, the only additional fees Wild Orchid would incur, other than those already incurred by having counsel appear on review, is the filing fee associated with filing a second petition for review. Further, even if the Court were to resolve whatever legal issues are raised by this appeal, additional attorney's fees would still be incurred because, as Wild Orchid itself notes, the Court would still have to "order the parties to brief the issue and conduct a *Banks* analysis prior to rendering its decision," (Pet'r Resp. 2), something that will necessitate further delay and expense, particularly if the Court ultimately reversed and remanded on the merits, not the current posture, of this appeal. But most importantly, resolving in the first instance the legal

questions raised on appeal would not necessarily foreclose the need to remand for further factual development if determining the soundest rule, or in other words the substantive law, also affects what facts are relevant. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("the substantive law will identify which facts are material."). Lastly, the Magistrate Court could reverse itself on remand, the parties might decide not to file a second appeal, or might agree to settle the case. The Court is mindful that "increased attorney fees and expenses that could be avoided if this [Appellate] Court resolve[d] the issue in the first instance." (Pet'r Resp. 3.) But the Court is also mindful that it cannot abandon its appellate role and assume the duties of the trial court and therefore the Court rejects Wild Orchid's final argument.

The Magistrate Court issued its February 21, 2013 Judgment nearly a year after the Supreme Court issued its decision in *Banks*. And while the Supreme Court initially held in *Banks* that the Superior Court "*may determine*," not that it shall determine, "the common law without automatically and mechanistically following the Restatements," *Banks*, 55 V.I. at 979 (emphasis added), the Court subsequently transformed "may" into "shall" by concluding in *Connor* that " 'subsequent precedent . . . warrant[ed]' " summary reversal. 60 V.I. at 601 (quoting V.I. S. Ct. I.O.P. 9.4)). In other words, summary reversal could only have been proper in *Connor* if "the trial court's ruling rest[ed] on a narrow and clear-cut issue of law," *id.* (internal quotation marks and citation omitted), namely erroneous reliance on the Restatements. Here, as in *Connor*, the concerns raised regarding the "failure" of the trial court "to perform a *Banks* analysis" such that it was not " 'sufficiently minor so as to not affect the substantial rights of the parties,' " *id.* at 603 (quoting V.I.S.Ct.R. 4(i)), are equally present. (*Compare* Jgmt 4-5 (citing 1 V.I.C. § 4 and applying RESTATEMENT (SECOND) OF CONTRACTS (1981) § 33 cmt. e, §§ 90, 204, & 223), *with Connor*, 60 V.I. at 605 n.1 (calling into question binding precedent "wholly based on a belief that application of the Restatements or the majority rule was mandatory").

■ The February 21, 2013 Judgment began its legal analysis with a false conclusion, namely that "[t]he Restatements of the law is law in the Virgin Islands." (Jgmt 4.) From there it proceeded to apply the facts found at the February 5, 2013 bench trial to the legal principles stated in the Restatements as though they were Virgin Islands statutes, but without first deciding whether those principles represent the soundest rule for the

Virgin Islands. Since questions raised by this appeal concern areas no longer settled by binding precedent, the Court believes that it would be inappropriate for this Appellate Court to deny the trial court the opportunity to decide in the first instance what the soundest rule for the Virgin Islands should be. *Accord Connor*, 60 V.I. at 604 ("Although the Legislature vested this Court with the supreme judicial power of the territory, original jurisdiction to adjudicate particular legal issues in the first instance remains a function of the Superior Court to be disturbed only in truly extraordinary situations." (internal citations omitted)).

## CONCLUSION

 Superior Court magistrates are not adjuncts of the Superior Court, but are instead "judicial officers of the Superior Court." 4 V.I.C. § 122(d). As a judicial officer, a magistrate cannot "abdicate [its] duty to ascertain Virgin Islands common law and instead rel[y] on an implicitly repealed statute to mechanistically apply the Restatements." *Connor*, 60 V.I. at 605. Rather, Superior Court magistrates, like Superior Court judges, have the same obligations to determine and apply the correct law and — particularly in their capacity as the trial court in original jurisdiction cases — "to shape the common law," which "is amongst the most important powers vested in a judicial officer." *Id.* Because the Magistrate Court did not exercise that power in this case, but instead relied on a repealed statute, this matter must be remanded. And like *Connor* — but further because changes to the substantive law might affect what facts are relevant, the Court will reverse and remand this matter as a case remand not as a record remand, notwithstanding Wild Orchid's concerns. On remand, the Magistrate Court is entitled and empowered to amend, alter, or add to its factual findings and legal conclusions should it determine, after conducting a *Banks* analysis, that its prior findings and conclusions are not supported by prior reliance on the Restatements. Upon issuance of a new judgment, either party may return to the Appellate Division through the filing of a new petition for review.