

**FILED**
July 20, 2022 03:08 PM
SX-2021-RV-00014
TAMARA CHARLES
CLERK OF THE COURT

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

APPELLATE DIVISION

HAFIZ RAHHAL,

               Appellant/Defendant,

        v.

DAVE F. CLARKE,

               Appellee/Plaintiff.

**Case No. SX-2021-RV-00014**
**Originating Case No. SX-2021-SM-00027**

2022 VI SUPER 67U

## MEMORANDUM OPINION

¶ 1    THIS MATTER came on for a hearing via Zoom on June 21, 2022 on Appellant Hafiz Rahhal's Amended Notice of Appeal of the underlying civil case heard in the Small Claims Division (SX-2021-SM-00027), pursuant to Super. Ct. R. 322(c)(1). Appellee Dave F. Clarke did not respond in writing to the appeal, but appeared in person *pro se* at the June 21, 2022 hearing. The Court granted Appellant leave to file supplemental briefing related to the question whether Appellant qualified as a "used car dealer" under 12A V.I.C. § 180(t). Appellant filed his supplemental brief June 27, 2022 to which Appellee did not respond. After careful consideration of the filings, the Court determines that Judgment cannot stand as presently entered, for the reasons explained below The Court will vacate the Judgment entered in case SX-2021-SM-00027, and Judgment will enter as herein ordered.

## STATEMENT OF FACTS

¶ 2    This matter arises from Clarke's purchase of a vehicle from Rahhal on December 8, 2020. April 27, 2021 Hearing Tr. 3:13-19, 15:21; Complaint. The vehicle in question was a 2012 Mercedes Benz with approximately 75,000 miles. April 27, 2021 Hearing Tr. 13:20-21, 24:23-25, 48:3-4; Amended Notice of Appeal at 2. Prior to the vehicle purchase, Clarke noticed a "little vibration" when taking it for an initial test drive. April 27, 2021 Hearing Tr. 7:15-18. Clarke brought the issue to Rahhal's attention. *Id.* at 7:20-21, 8:8-11, 16:25, 17:7-8. However, there was no vibration when Rahhal inspected the vehicle and Rahhal's mechanic said that the vehicle wasn't throwing any error codes. *Id.* at 17:10-12, 20-25, 18:1, 19:8-10. Both Rahhal and Rahhal's mechanic told Clarke that the vehicle likely needed a tune-up or an oil change. *Id.* at 9:3-6. Clarke did not seek assistance of an independent mechanic to inspect the vehicle before purchase as he is "familiar with cars." *Id.* at 4:7-12, 5:24-25, 6:1-3, 8:19-22. Clarke tried to get Rahhal to lower the purchase price of the vehicle which Rahhal refused. *Id.* at 18:2-9. Clarke took the vehicle for

another test drive and subsequently decided to purchase it. *Id.* at 18:20-25, 19:1-5. Clarke and Rahhal entered into a notarized "Bill of Sale" agreement, dated December 8, 2020, for the purchase and sale of the vehicle for $13,500.00, which stated in part:

> I, the undersigned buyer, acknowledge receipt of this Bill of Sale and understand there is no guarantee or warranty, expressed or implied with respect to the above-described property. It is also understood that the above-stated vehicle is sold in 'as is' condition.

Bill of Sale; *see also* April 27, 2021 Hearing Tr. at 3:22-23, 19:24-25, 20:1-4.

¶ 3    After the purchase, and after Clarke had the vehicle for a short period of time, the vehicle stopped running on February 21, 2021. *Id.* at 9:14-16, 11:24-25, 12:1-5, 35:3. Inspection of the vehicle showed that there was an issue with the timing chain which would require replacement of the vehicle's engine. *Id.* at 12:10-14. Clarke brought the Small Claims action asserting that Rahhal should be required to allow him to return the vehicle and get his money back. Rahhal denied that he should have to return Clarke's money. *Id.* at 22:6-9, 23:10-12, 44:4-8.

¶ 4    The matter came on for hearing in front of Magistrate Judge Miguel A. Camacho on April 27, 2021 and May 25, 2021. During those hearings, Clarke testified that his damages totaled "almost $7,000.00," which would be the cost to get the engine repaired/replaced, including both parts and labor. *Id.* at 13:6-7. Magistrate Judge Camacho's term concluded and Judgment was filed by Senior Sitting Judge Darryl Dean Donohue on October 6, 2021, and entered October 8, 2021. The Judgment found for Clarke in the amount of $10,000.00, plus $100.00 in court costs, but set forth no factual basis or legal analysis for the award. Rahhal timely appealed the Judgment to the Appellate Division of the Superior Court.

## STATEMENT OF JURISDICTION

¶ 5    The Superior Court has jurisdiction over this appeal per Super. Ct. R. 322(a): "[f]inal orders from the Magistrate Division resolving completely the merits of cases which came before them pursuant to their original jurisdiction, as provided by 4 V.I.C. § 123(a), are immediately appealable to judges of the Superior Court of the Virgin Islands . . . ." Magistrate Division original jurisdiction includes civil cases where the amount in controversy does not exceed $75,000. *See* 4 V.I.C. § 123(a)(7). Thus, the present action as one arising out of the Magistrate Division's original jurisdiction which resolved the case completely on the merits is immediately appealable to this Court.

## STANDARD OF REVIEW

¶ 6     The standard of review the Court applies when reviewing final orders of the Magistrate Division was described in *Williams v. Bellot*, No. SX-17-RV-001, 2019 WL 626177, at ¶ 11 (V.I. Super. Feb. 11, 2019), as follows:

> "In reviewing decisions from the Magistrate Division, the Appellate Division ... functions as an appellate court reviewing the factual determinations of the magistrate court for clear error and its legal findings, statements of law, and the application thereof under a plenary standard." *Wild Orchid Floral & Event Design v. Banco Popular de P.R.*, 62 V.I. 240, 247 (Super. Ct. App. Div. 2015) (citing Super Ct. R. 322.3(b); *In re: Estate of Small*, 57 V.I. 416, 429 (2012)). "Because cases in the Magistrate Division are decided without a jury, the magistrate court hears the testimony and considers the evidence before finding the facts and applying the law. And when the law is unsettled, the magistrate court must determine what law should apply before finding what facts are relevant." *Carlos Warehouse v. Thomas*, 64 V.I. 173, 180 (Super. Ct. App. Div. 2016) (citing *Estate of Small*, 57 V.I. at 428-29; *Wild Orchid*, 62 V.I. at 252-53). The Appellate Division cannot ignore these standards of review because it "would render the proceedings that occurred in the Magistrate Division a complete nullity, and ... signal to the magistrates ... that the work they dedicated to constructing the record is a complete waste of time." *Henry v. Dennery*, S. Ct. Civ. No. 2012-0130, 2013 WL 206128, *2 (V.I. Jan. 11, 2013). Instead, like an appellate court, the Appellate Division can either affirm or reverse the magistrate court or remand where appropriate. Super. Ct. R. 322.3(c). Cf. *David v. People*, SX-15-RV-007, 2016 V.I. LEXIS 15, 2016 WL 740066, *27-29 (Super. Ct. App. Div. Feb. 22, 2016) (affirming conviction but reversing sentence and remanding for compliance with 14 V.I.C. § 104).[1]

## DISCUSSION

¶ 7     The warranties required by law to accompany the sale of used cars are outlined in 12A V.I.C. § 182 and state in relevant part:

> (b) No used car dealer shall sell a used motor vehicle to a consumer without giving the consumer a written warranty which shall, at a minimum, conform to the following terms:
>
>              \*        \*        \*

---

[1] Effective December 1, 2018, Super. Ct. R. 322 was amended in its entirety, and the former Rule 322 through Rule 322.14 were stricken. *See* Promulgation Order No. 2018-005, November 15, 2018, and Errata Order March 10, 2020. Nonetheless, review of factual determinations for clear error and plenary review of legal findings still set forth the appropriate standards for review of the decision of a magistrate judge.

(3) **If the motor vehicle has more than 50,000 miles, no warranty shall apply to the sale of the vehicle.**

12A V.I.C. § 182(b)(3) (emphasis added).

¶ 8     A "'Used car dealer' means any person or business which sells or offers for sale, on a continuing basis, used motor vehicles," and has "a permanent licensed place of business with personnel, sales areas, service areas, and technical equipment appropriate to the need arising from the responsibilities to the consumer . . .." 12A V.I.C. § 180(t).

¶ 9     Before bringing an action under the Motor Vehicle Trade Practices subchapter of the Consumer Protection Code, 12A V.I.C. § 185, outlines pre-filing requirements, specifically:

> (a) Department of Licensing and Consumer Affairs.
> (1) Before bringing a civil action on a matter subject to subchapter V of this chapter, the consumer **shall first submit his dispute to the Department of Licensing and Consumer Affairs for review.** If a formal administrative hearing is required, the Commissioner, or his designee, shall hear the matter and may award the remedies under this chapter if the nonconformity, defect, or condition substantially impairs the use, value, or safety of the motor vehicle and a reasonable number of attempts have been taken to correct the nonconformity, defect, or condition without correction of the problem. All such awards shall be approved by the Commissioner.
> \*     \*     \*
> (b) Appeal. **If the Commissioner rejects a dispute for hearing or if a dispute is heard and any party rejects the hearing decision, the party may bring an action in court** to seek the remedies provided under this chapter. A petition to the Superior Court without jury to appeal a decision shall be made within 30 calendar days of receipt of the Commissioner's decision. In any civil action arising under this chapter and relating to a matter considered by the Commissioner, any determination made to reject a dispute for hearing or any decision rendered by the Commissioner may be admissible evidence. At the time the petition to appeal is filed, the appellant shall send, by certified mail, a copy of such petition to the Commissioner.

12A V.I.C. § 185 (emphasis added).

¶ 10     When a statute sets out pre-filing requirements the Court "must determine whether the pre-filing requirements . . . are jurisdictional requirements or claims-processing rules." *Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011). The distinction between these two categories is important because "[w]hile claims-processing rules can be equitably tolled or even waived, courts have 'no authority to create equitable exceptions to jurisdictional requirements and litigants cannot by

waiver or forfeiture confer jurisdiction where it is otherwise lacking." *Id.* (quoting *Menominee Indian Tribe of Wis. v. United States*, 614 F.3d 519, 524 (D.C. Cir. 2010)). Notably, some claims-processing rules can be "inflexible" and "non-waivable" when "the Rule implicates judicial interests beyond those of the parties." *Ottley v. Estate of Bell*, 61 V.I. 480, 492, 495 (V.I. 2014) (quoting *Mustafa v. Camacho*, 59 V.I. 566, 571 n.2 (V.I. 2013)) (internal quotation marks omitted).

¶ 11　A statute's requirements "should only be held to be jurisdictional if there is a clear indication that the legislature intended the statutory provision to operate as a limitation on the court's adjudicatory capacity-the jurisdictional intent must be clear." *Willis v. People*, 2019 VI 25, ¶ 61, 71 V.I. 789, 832 (V.I. 2019) (Swan, J., concurring); *see also Brooks v. Gov't of the V.I.*, 58 V.I. 417, 424 (V.I. 2013) ("We begin by recognizing that before we may conclude that the Legislature intended to make a particular statutory requirement jurisdictional, we must find that that Legislature's intent to do so is 'clear.'") (citing *Henderson v. Shinseki*, 526 U.S. 428, 131 S.Ct. 1197, 1202-03 (2011)). "When there is no clear label, then the courts consider the structure of the statute and whether long-standing judicial precedent 'compels the conclusion' that the statute imposes a jurisdictional limit." *Willis*, 71 V.I. at 832 (Swan, J., concurring) (citing *Brady*, 55 V.I. at 815). Even a mandatory requirement is not necessarily jurisdictional. *See Brooks*, 58 V.I. at 424.

¶ 12　As a preliminary matter, the Court must determine that it has subject matter jurisdiction over this case. By 12A V.I.C. § 185, there are pre-filing requirements for cases brought under the Motor Vehicles Trade Practices Act – namely that a plaintiff must first seek redress through an administrative process with the Department of Licensing and Consumer Affairs prior to filing with the court. In this case, it appears that these pre-filing requirements were not met. *See* Amended Notice of Appeal at 2, 3. Therefore, the Court must determine if this statutory requirement is jurisdictional or a claims-processing rule. *See Brady*, 55 V.I. at 815. If they are a claims-processing rule, the Court can create equitable exceptions and such deficiencies can be waived if not properly challenged. *See Gov't of the V.I. v. Crooke*, 54 V.I. 237, 254-55 (V.I. 2010).

¶ 13　As 12A V.I.C. § 185 does not contain a clear label that its pre-filing requirements are meant to be jurisdictional, the Court must consider the structure of the statute and long-standing precedent. *See Willis*, 71 V.I. at 832 (Swan, J., concurring). The structure of 12A V.I.C. § 185 provides no clear indication that the legislature intended its pre-filing requirements to be jurisdictional. *Compare* 12A V.I.C. § 185, *with* 27 V.I.C. § 166i (jurisdictional), *and* 15 V.I.C. 606 (non-jurisdictional). Further, no long-standing precedent has been presented, nor is the Court aware of any, to suggest that the pre-filing requirements of section 185 are to be treated as jurisdictional.

¶ 14    Therefore, the Court finds that pre-filing the requirements of 12A V.I.C. § 185 are claims-processing in nature. Since Rahhal failed to raise the issue of Clarke's lack of compliance with 12A V.I.C. § 185 at trial, he cannot raise it for the first time on appeal. *See Moore v. Walters*, 61 V.I. 502, 509-10 (V.I. 2014) (Appellant's arguments of judicial bias were raised for the first time on appeal were erroneously considered by the Appellate Division); *Dennie v. People*, 66 V.I. 143 (V.I. Super. 2017). Therefore, the Court finds that Rahhal waived the right to object to adjudication of the parties' dispute by the Superior Court, and the Court will decide the appeal on the merits.

¶ 15    As noted, the Small Claims Judgment contained no findings of fact or legal conclusions. However, on appeal, the Court considers the applicable law under a *plenary review* standard. The plain language of 12A V.I.C. § 182(b)(3) establishes that no warranty applies to used vehicles sold by a used car dealer with more than 50,000 miles. The parties agree that the subject vehicle had more than 50,000 miles when sold Rahhal sold it to Clarke. *See* April 27, 2021 Hearing Tr. 13:20-21, 24:23-25, 48:3-4; Amended Notice of Appeal at 2. Clarke has presented nothing to challenge Rahhal's assertion that he is a used car dealer within the meaning of the statute. *See* 12A V.I.C. § 180(t).[2]

¶ 16    Although never so presented, the nature of Clarke's claim against Rahhal is for breach of the parties' contract. "The elements of a breach of contract claim are '(1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Basic Servs., Inc. v. Gov't of the Virgin Islands*, 71 V.I. 652, 663, 2019 VI 21, ¶ 19 (V.I. 2019) (quoting *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 621 (V.I. 2017)).

¶ 17    Clarke has shown the existence of an agreement between the parties. However, to the extent that he claims that the duty on Rahhal created by that agreement involved more than delivery of the subject vehicle "in 'as is' condition," his claim fails. By the plain language of the Bill of Sale, the parties agreed that the vehicle was sold without warranty in "as is" condition, such that Rahhal performed his duty under the agreement by delivery of the vehicle to Clarke. By the Bill of Sale, the parties specifically disclaimed any duty on Rahhal to warrant the vehicle or its future performance. Accordingly, by the plain language of the parties' agreement, Clarke has shown no breach of any contractual duty by Rahhal that would permit Clarke to rescind the agreement if he encountered problems with the car after the sale was concluded and he took possession. Therefore,

---

[2] In his Supplemental Briefing, Rahhal refers to multiple record references to establish that he fits the statutory definition of a used car dealer. The assertion of Rahhal's status is unchallenged and a review of all the indicia in the record supporting that status need not be set out here. Suffice it to say that Rahhal maintains a physical place of business offering used motor vehicles for sale on a continuing basis, with personnel, sales area, service area and technical equipment, *See* Appellant's Supplemental Briefing at 1-6.

Clarke has presented no set of facts giving rise to a legal duty breached by Rahhal, and he has stated no legal basis to entitle him to damages or other relief against Rahhal. Accordingly, the Judgment of the Magistrate Division awarding damages to Clarke must be reversed.

## CONCLUSION

¶ 18    The Court has subject matter jurisdiction over the final order of the Magistrate Division resolving completely the merits of the Small Claims case between the parties. The prefiling requirements of 12A V.I.C. § 185 are claims-processing rules that were waived when not asserted by Rahhal before the Magistrate Division and therefore do not deprive the Superior Court of jurisdiction. Under the terms of the parties' Bill of Sale and under Virgin Islands law (12A V.I.C. § 182(b)(3)), the vehicle in issue, with over 50,000 miles, was sold by Rahhal to Clarke without any warranty, in "as is" condition. Accordingly, Rahhal breached no contractual duty owed to Clarke by refusing to permit Clarke to rescind the sale, and there is no legal basis to award Clarke damages.

In light of the foregoing, it is hereby

**ORDERED** that the October 6, 2021 Judgment of the Magistrate Division in Case No. SX-2021-SM-0027 is **REVERSED** and **VACATED**. It is further

**ORDERED** that the Judgment accompanying this Order remands the matter to the Small Claims Division with instruction to enter Judgment in Case No. SX-2021-SM-00027 in favor of Defendant Hafiz Rahhal.

DATED: July 20, 2022.

DOUGLAS A. BRADY, JUDGE

**ATTEST:**

TAMARA CHARLES
Clerk of the Court

By: 

Court Clerk II
7/22/2022

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 22, 2022 03:11 PM
SX-2021-RV-00014
TAMARA CHARLES
CLERK OF THE COURT

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

APPELLATE DIVISION

| | |
|---|---|
| HAFIZ RAHHAL, | |
| Appellant/Defendant, | **Case No. SX-2021-RV-00014** |
| v. | **Originating Case No. SX-2021-SM-00027** |
| DAVE F. CLARKE, | |
| Appellee/Plaintiff. | |

**JUDGMENT**

Consistent with the Memorandum Opinion of even date, it is hereby

**ORDERED** that the October 6, 2021 Judgment of the Magistrate Division in SX-2021-SM-00027, entered by the Clerk October 8, 2021, is REVERSED and VACATED, and the matter is remanded for entry of judgment in favor of Defendant Haffiz Rahhal. It is further

**ORDERED** that a copy of this Judgment and the Memorandum Opinion entered herein shall be served upon Appellant/Defendant Haffiz Rahhal, in care of Kye Walker, Esq. and upon Appellee/Plaintiff Dave F. Clarke personally.

DATED: July 20, 2022.

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk II
7/22/2022

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 22, 2022 03:15 PM
SX-2021-RV-00014
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| HAFIZ A. RAHHAL,<br>　　　　　Appellant/Defendant,<br>v.<br>DAVE F. CLARKE,<br>　　　　　Appellee/Plaintiff. | Case Number: SX-2021-RV-00014<br>Action: **Magistrate Appeal**<br><br>Originating Case No. SX-2021-SM-00027 |

## NOTICE of ENTRY
## of
## JUDGMENT/ORDER

To:　Hon. Yolan Brow-Ross, Magistrate Judge
　　　Kye Walker, Esq.
　　　Dave F. Clarke

Please take notice that on July 22, 2022
a(n) ____ MEMORANDUM OPINION AND JUDGMENT ____
dated ____ July 20, 2022 ____ was/were entered
by the Clerk in the above-titled matter.

Dated:　July 22, 2022

　　　　　　　　　　　　　　　Tamara Charles
　　　　　　　　　　　　　　　Clerk of the Court
By:

　　　　　　　　　　　　　　　Cheryl Parris
　　　　　　　　　　　　　　　Court Clerk III