WILSON, Appellant, v. SCHOOL TOWNSHIP No. 6, Respondent.

1. An appeal will not lie to a circuit court from an order of a county court vacating and setting aside a sale of a 16th section made by the sheriff under a previous order of the county court.

### Appeal from Jefferson Circuit Court.

The county court of Jefferson county made an order that a sale of the school lands (portions of the 16th section,) of school township No. 6, made by the sheriff under a previous order of the county court for that purpose, be set aside and held for naught, and that the sheriff again advertise and sell the said lands, &c. From this order, Wilson, the purchaser, appealed to the Circuit Court ; which court refused to set aside the order of the county court. The case is brought here by appeal.

*J. A. Beal*, for appellant.

I. The county court had no right or jurisdiction to set aside the sale made by the sheriff. Upon the sheriff's reporting a sale of the lands, Wilson could not be divested of title by the county court arbitrarily ordering a new sale. The county

Wilson v. School Township No. 6.

court has no jurisdiction over the matter. If an irregularity existed (which is not the case), the county court could not disturb the sale for such irregularity. (17 Mo. 71, 84, 85.) Courts of limited jurisdiction can not exceed their statutory powers. (7 U. S. Dig. 226 ; 13 ib. 437.; 12 Mo. 8.)

*P. Pipkin,* for respondent.

By the law regulating the sale of the 16th sections, the power to dispose of them is exclusively within the jurisdiction of the county courts of the counties in which they lie. The sales are under the control of the court, and are not binding upon the parties until confirmed, approved and certified up by the county court. (Perkins & C. v. Reed & R. 1 Swan, 80.) This case is precisely in point. The proper remedy for appellants to compel the county court to certify the sale to the register is by mandamus and not by appeal.

LEONARD, Judge, delivered the opinion of the court.

A county court, acting under the law authorizing the sale of the 16th sections, vacated a sale made by the sheriff under an order of the court for that purpose. The purchaser appealed to the Circuit Court, and his appeal was dismissed, and thereupon he appealed to this court. Although the circuit courts have appellate jurisdiction over the judgments and orders of the county courts in all cases not expressly prohibited by law, (R. C. 1845, p. 330, sec. 6), yet this jurisdiction can not be exercised unless the means be provided by law for that purpose. Writs of error and *certiorari* are common law writs, and may be used where they are appropriate (R. C. 1845, p. 334, sec. 5); but an appeal is a statutory remedy that exists only in the cases in which it is expressly given. No appeal is allowed from this order, either in the act authorizing the proceeding, or in any general law, that we are aware of, embracing all cases of this character.

If the court had no authority to set aside the sale, it will be their duty, under the law, upon the payment of the purchase

money, to make and forward to the register a statement of the fact of the purchase and payment, which will entitle the party to a patent; and if this statement be withheld the party has a remedy by mandamus, but he can not try the question in this manner. The judgment is affirmed.