**CLEMENT XAVIER, Plaintiff/Petitioner on Review**
**v.**
**TREASURE BAY V.I. CORPORATION d/b/a DIVI CARINA BAY**
**CASINO, Defendant/Respondent on Review**

Case No. SX-09-CV-450

Superior Court of the Virgin Islands

Division of St. Croix

February 23, 2017

253

THOMAS ALKON, ESQ., Law Offices of Thomas Alkon, P.C., Christiansted, USVI, *Attorney for Petitioner/Plaintiff Clement Xavier.*

LESLIE A. KELLEY, ESQ., Nichols Newman Logan & Grey, P.C., Christiansted, USVI; CARL A. BECKSTEDT III, ESQ., ROBERT J. KUCZYNSKI, ESQ., Beckstedt & Associates, Christiansted, USVI, *Attorneys for Defendant/Respondent Treasure Bay V.I. Corporation.*

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(February 23, 2017)

**THIS MATTER** is in the Appellate Division on Petition for Review from the Jury Trial Division. Clement Xavier appeals an order a Superior Court magistrate[1] issued, granting a motion filed by Treasure Bay Virgin

---

[1] The Legislature recently amended the Virgin Islands Code and replaced all references to "magistrate" with "magistrate judge." *See* Act 7888, § 15, 2016 V.I. Sess. L. 7888 (July 30, 2016). Nevertheless, the Court will refer to magistrate judges as magistrates through this

Islands Corporation (doing business as Divi Carina Bay Casino) ("Treasure Bay") to compel arbitration and stay further proceedings. A Superior Court judge requested that Treasure Bay's motion be designated to a magistrate pursuant to Section 123(b) of Title 4 of the Virgin Islands Code. After the parties went to arbitration, Xavier brought this internal review. Treasure Bay responded by filing a Motion to Strike the Petition and to Dismiss the review, claiming that Xavier should have filed a motion for reconsideration instead. For the reasons stated below, the Court agrees that this matter must be dismissed from the Appellate Division. Therefore, Treasure Bay's Motion to Dismiss will be granted. Its Motion to Strike will be denied because Xavier has the right to file papers in his own case and because the arguments the parties raised on review present important questions of first impression. Rather than strike these arguments from the record, the Court will allow them to remain on file for the assigned judge's consideration.

## BACKGROUND

Clement Xavier sued Treasure Bay because a chair he was sitting on at the casino toppled over and caused him to fall to the floor. His complaint, filed September 18, 2009 and amended on September 28, 2009, alleged negligence and sought damages for his injuries. The Civil Division of the Clerk's Office processed Xavier's complaint and assigned his case at random to Judge Darryl Dean Donohue, Sr. After Xavier's attorney paid the filing fee, the Civil Division transferred Xavier's case to the Jury Trial Division for all further proceedings because Xavier had demanded a trial by jury. Treasure Bay answered Xavier's amended complaint and the parties began to exchange discovery.

A few months later, on April 12, 2010, Treasure Bay filed a motion to compel arbitration and to stay, claiming that Xavier had joined the casino's Beachcombers Gold Club, a rewards program in which members accrue points while gambling that can be redeemed for food, drinks, and other items at the casino and a nearby resort. The membership form Xavier signed included an arbitration clause. According to Treasure Bay, Xavier's negligence claim was within the scope of the arbitration clause in the membership agreement. After Xavier failed to timely respond,

Opinion to avoid confusion since the change in title occurred subsequent to the proceedings at issue in this case.

Judge Donohue referred Treasure Bay's motion to a Superior Court magistrate pursuant to Section 123(b) of Title 4 of the Virgin Islands Code. Pursuant to standard court procedure, the Clerk's Office designated the motion at random to Magistrate Miguel A. Camacho.

A year later, Xavier filed a response in opposition to Treasure Bay's motion and six weeks after that, Treasure Bay filed its reply. Yet throughout — after Treasure Bay had motioned to compel arbitration and after the motion was designated to a magistrate — both parties continued to exchange discovery and even deposed witnesses. Then, by order dated June 11, 2012, but not entered until July 2, 2012, Magistrate Camacho granted Treasure Bay's motion to compel. In response, Xavier filed a timely motion for reconsideration, contending that excerpts from his deposition purportedly showed that he could not afford to pay for arbitration because he had become totally disabled after filing his lawsuit against Treasure Bay. According to Xavier, his deposition constituted "newly discovered" evidence that warranted reconsideration. Xavier did not specify, however, whether he was asking Magistrate Camacho to reconsider his own decision or asking Judge Donohue to reconsider Magistrate Camacho's decision. Before either the magistrate or the judge could request clarification, Xavier withdrew his motion because he and Treasure Bay had reached an agreement on the arbitration costs.

At this point, the parties should have gone to arbitration. They did not. Not until Judge Robert A. Molloy, who succeeded Judge Donohue,[2] issued an order on May 20, 2014 and directed the parties to provide an update. Almost two years had passed by then. In response, the parties informed the court jointly the next day, May 21, 2014, that mediation was scheduled for June 2014.

Six months later, Xavier filed this Petition for Review.

In his December 2, 2014 Petition, Xavier acknowledged that he did not know if the arbitration award had "yet been filed in either the Magistrate's Division and/or the Superior Court." (Pl.'s [sic] Pet. for Review 1, filed

---

[2] In September 2013, Judge Donohue retired from the bench and Judge Molloy was confirmed to succeed him. The Clerk's Office later reassigned Judge Donohue's cases, including this case, to Judge Molloy on October 21, 2013. *Accord In re: Cases Removed to Dist. Ct. of V.I.*, SX-98-CV-109 et seq., 2016 V.I. LEXIS 154, at *36 (Super. Ct. Sept. 21, 2016) (same).

Dec. 3, 2014.[3]) Nonetheless, he proceeded to file a petition for review because he wanted to have "the Magistrate's Order to arbitrate" reviewed and reversed "as contrary to existing law regarding the issue of waiver." *Id.* Two weeks later, Treasure Bay (now through different counsel) filed a Motion to Strike Xavier's Petition and to Dismiss it as "untimely and procedurally deficient." (Def.'s [sic] Mot. to Strike and Dismiss Pet. for Review 2, filed Dec. 17, 2014 (hereinafter "Resp.'s Mot.").) The next day, December 18, 2014, the Clerk's Office transferred Xavier's case to the Appellate Division. A day after that, December 19, 2014, Xavier filed his response to Treasure Bay's Motion to Strike and to Dismiss. He also filed a separate motion to vacate the arbitration award.

For reasons unclear from the record, Xavier filed another response two months later. In this response, filed February 23, 2015, Xavier referred to himself as the appellant, not the plaintiff, and raised a new argument: that Treasure Bay's motion to compel arbitration was dispositive, because it effectively sent his negligence claim to another forum. Magistrate Camacho could not have ruled on the motion, Xavier argued, he could only have recommended a ruling to Judge Donohue. Treasure Bay replied on March 6, 2015 and rejected Xavier's arguments as misplaced. Treasure Bay also included in its reply a request that the court grant a motion it filed the same day. That motion sought leave to file under seal a motion to lift the stay Magistrate Camacho imposed, which is technically still in effect as no order has issued yet to lift it, and to confirm the arbitrator's award and enter judgment on it.

On March 10, 2015, the Clerk's Office sent Xavier's counsel a briefing letter that acknowledged receipt of Xavier's Petition and notified his attorney that the petition had been randomly assigned to the undersigned judge in the Appellate Division. The letter further informed Xavier's counsel of the filing fee and other requirements (such as filing briefs and requesting a transcript) associated with internal reviews in the Appellate Division.

Xavier later filed a motion to waive the transcript requirement (since the parties never appeared in person before the magistrate). He also paid the filing fee on June 24, 2015. Nothing further has been filed to date

---

[3] Although in their submissions the parties refer to themselves as plaintiff and defendant, the Court will refer to them as petitioner and respondent and cite their respective papers accordingly. *See* SUPER. CT. R. 322(b) (3)-(4).

except a response Treasure Bay filed on December 1, 2015, stating that it did not oppose Xavier's request to waive the transcript, and a notice Xavier filed on October 14, 2016, to alert the Court to a recent decision issued by another Superior Court judge, *In re Cases Removed to the District Court of the Virgin Islands*, SX-98-CV-109 et seq., 2016 V.I. LEXIS 154 (Super. Ct. Sept. 21, 2016). Neither Xavier nor Treasure Bay filed formal briefs in response to the Clerk's briefing letter or asked that their motion papers be construed as briefs on review.

## DISCUSSION

### A. Treasure Bay's Motion to Dismiss Xavier's Petition

■ "The Virgin Islands Legislature created a Magistrate Division within the Superior Court of the Virgin Islands," *Wild Orchid Floral & Event Design v. Banco Popular de P.R.*, 62 V.I. 240, 246 (Super. Ct. App. Div. 2015), and "provided the Magistrate Division [with] . . . original jurisdiction to hear certain kinds of cases." *In re Estate of Small*, 57 V.I. 416, 428 (2012) (citing 4 V.I.C. § 123(a)). Cases within the original jurisdiction of the Magistrate Division include civil actions where the amount in controversy is less than $75,000, civil stalking complaints, litter citations, civil domestic violence complaints, landlord and tenant actions, non-felony traffic citations, forcible entry and detainer actions, small claims cases, probate matters, and misdemeanor criminal cases where the maximum punishment is a day less than a year. *See* 4 V.I.C. § 123(a)(4)-(7); 5 V.I.C. § 1473(a); *accord Wild Orchid Floral & Event Design*, 62 V.I. at 246-47 (citations omitted). While Superior Court magistrates preside over Magistrate Division cases from beginning to end,[4] Superior Court judges may also hear Magistrate Division cases from time to time. *See generally Brown v. Brown*, 59 V.I. 583 (2013). Yet, even though a judge may preside over a Magistrate Division case, the case still remains within the Magistrate Division. The reason why is important to resolving this review proceeding.

■ In creating a Magistrate Division, the Legislature directed "that 'all appeals from the Magistrate Division must be filed in the Superior

---

[4] So long as the pleading — whether the complaint or petition in a civil case, or the complaint, citation or information in a criminal case — shows on its face that the case is within the original jurisdiction of the Magistrate Division, a Superior Court magistrate presides over the case from commencement until the case is resolved on the merits or dismissed.

Court.'" *Brown*, 59 V.I. at 587 (quoting 4 V.I.C. § 125) (brackets, emphasis, and ellipsis omitted)). But "the Legislature did not expressly set forth an appellate remedy for litigants who seek to challenge" judgments and other dispositive orders issued in Magistrate Division cases. *In re: Order Amending Rules Gov. Rev. of Magis. Decisions*, SX-10-MC-030, 2010 V.I. LEXIS 105, at *2 (Super. Ct. Nov. 22, 2010). Soon after the Magistrate Division was created, the Supreme Court of the Virgin Islands held in *H&H Avionics, Inc. v. Virgin Islands Port Authority*, 52 V.I. 458, 464-65 (2009) (per curiam), that it lacks jurisdiction to hear appeals directly from Superior Court magistrates "because neither title 4, section 33 of the Virgin Islands Code nor any other statute authorizes H&H to appeal the magistrate's September 19, 2009 judgment without first obtaining review of that judgment by a Superior Court judge." Once the Supreme Court concluded that it lacks jurisdiction over all appeals from Superior Court magistrates, unless reviewed first by a Superior Court judge, the Superior Court, pursuant to Section 79(a) of Title 4, created an Appellate Division to review by petition cases appealed from the Magistrate Division. *See In re: Order Amending Rules*, 2010 V.I. LEXIS 105, at *5 ("Pursuant to V.I. CODE ANN. tit. 4, § 79(a) and § 31(d) (3) and (5), there is hereby created an Appellate Division of the Superior Court, within the Office of the Clerk."); *cf.* SUPER. CT. R. 322.1(a) ("Final Orders or judgments . . . resolving completely the merits of cases . . . are immediately reviewable" in the Appellate Division by petition). Consequently, a case within the original jurisdiction of the Magistrate Division must be reviewed by the Appellate Division first, before it can be appealed to the Virgin Islands Supreme Court.

■ However, in addition to having jurisdiction to hear certain kinds of cases, Superior Court magistrates have other authority as well. Patterned in large part after the Federal Magistrates Act, the legislation that provided for magistrates in the Superior Court (hereinafter "Virgin Islands Magistrates Act") also gives judges authority to designate a case to a magistrate for the magistrate to "hear and determine any pretrial matter," except certain motions that, if granted, could dispose of the case, such as a motion for summary judgment in a civil case or a motion to dismiss the information in a criminal case. 4 V.I.C. § 123(b)(1). Although magistrates cannot decide these dispositive motions, judges can still refer such motions to a magistrate for the magistrate to "[c]onduct hearings, including evidentiary hearings" and "submit proposed findings of fact" to

the judge and then "recommend[ ]" how the judge should rule on, or "dispos[e]" of, the motion. *Id.* § 123(b)(2). This is precisely what Judge Donohue did when he referred Treasure Bay's motion to the Clerk's office and asked to have a magistrate designated to handle the motion.[5] This dual role magistrates have is the reason why Xavier's Petition must be dismissed.

In its motion, Treasure Bay correctly notes that "procedures differ depending on whether the review arises out of the Magistrate's original jurisdiction or jurisdiction based on Superior Court's designation." (Resp.'s Mot. 2.) In this instance, the Superior Court "[m]agistrate did not have original jurisdiction over this matter, the Superior Court judge did," Treasure Bay argues. *Id.* at 4. Hence, Xavier should have filed a motion for reconsideration, not a petition for review. Because the time to seek reconsideration is ten days, Xavier is now three years too late, Treasure Bay contends. Xavier counters that, "an order commanding arbitration is an interlocutory order," so it "cannot be appealed until a final order in arbitration is filed." (Pl.'s [sic] Opp'n to Def.'s [sic] Mot. to Strike and Dismiss 3, filed Dec. 19, 2014 ("Pet'r's Opp'n").) Since the arbitrator did not issue his award until November 18, 2014, he had to wait until then, Xavier contends, to obtain review. "It would be an unjust anomaly," he

---

[5] Section 123(b)(2) of Title 4 of the Virgin Islands Code was amended in 2012 to insert a comma omitted from the statute when it was enacted. *See* Act 7346, § 1, 2012 V.I. Sess. L. 27, 28 (Mar. 7, 2012). Adding the comma clarified that Superior Court magistrates can recommend rulings on those motions "excepted in subsection (b)(1)" of Section 123. *Id.* Without the comma, Section 123(b)(2) read (and the Superior Court's rules so construed it) as though Superior Court magistrates could only submit proposed findings of fact and recommendations for the disposition, by a Superior Court judge, of any motion — for injunctive relief, for judgment on the pleadings, for summary judgment, for dismissing or quashing an indictment or information made by the defendant, suppression of evidence in a criminal case, dismissal or to permit maintenance of a class action, dismissal for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action — or application for post trial relief made by individuals convicted of criminal offenses and prisoners challenging conditions of confinement. In other words, Superior Court Rule 320(d), as promulgated, tracked the statute as enacted. *See* SUPER. CT. R. 320(d) ("[A] magistrate may be designated to conduct hearings, including evidentiary hearings, to submit proposed findings of fact and recommendations for the disposition, by a judge of the Superior Court, of any motion, regarding the application of post-trial relief made by individuals convicted of criminal offenses and a prisoner's petition challenging conditions of confinement."). By adding a comma, the Legislature made clear that Superior Court magistrates could do more than just recommend rulings on motions filed by prisoners or criminal defendants. Superior Court Rule 320(d) has not been revised to track the legislature's amendments to the statute.

argues, "if an interlocutory order commanding arbitration in the Superior Court must await the final order in arbitration to be appealable; but the same interlocutory order issued in the Magistrate Division . . . has to be 'appealed' via a motion for [r]econsideration within 10 days or is irrevocably lost." *Id.* Then, in his subsequent "appellate" response, Xavier agrees with Treasure Bay that "[t]here is more than one way to obtain review of a Magistrate's Order." (Appellant's [sic] Resp. to Appellee's [sic] Mot. to Strike Appeal 2, filed Feb. 23, 2015.) Hence, he "filed this appeal pursuant to § 125 of title 4" of the Virgin Islands Code. *Id.* at 1. But Xavier rejects Treasure Bay's claim that his appeal is untimely. Citing Section 123 of Title 4, Xavier points out that Superior Court magistrates are "prohibited" from issuing injunctions and from involuntarily dismissing cases. *See id.* at 4. Since Magistrate Camacho's "order effectively enjoined Xavier from proceeding with his complaint in the Superior Court and effectively dismissed his action," that order must "be set aside," Xavier contends, "and all proceedings flowing from such order . . . nullified." *Id.* Treasure Bay, in reply, claims that Xavier "misinterpret[s] Superior Court rules and procedures." (Resp.'s Reply 1, filed Mar. 6, 2015.) Section 123(b) of Title 4 "is silent on motions to compel arbitration and motions to stay proceedings." *Id.* at 3. So, the statute should be construed as "one of general inclusion and specific exclusion," Treasure Bay contends. *Id.* "Consequently, the Magistrate had jurisdiction" to decide Treasure Bay's motion to compel and to stay. *Id.* Since Xavier had ten days, pursuant to Superior Court Rule 320(c), to request reconsideration, his Petition was untimely and should be dismissed.

█ Here, Treasure Bay is correct in noting the distinction between the Legislature having created a Magistrate Division on the one hand, vested with original jurisdiction to hear certain kinds of cases, and, on the other hand, having given Superior Court magistrates ancillary authority to assist Superior Court judges in other kinds of cases. In this sense, the Virgin Islands Magistrates Act differs from the Federal Magistrates Act because in the federal court system United States magistrates have very limited authority to issue final orders or judgments. *See* 28 U.S.C. § 636(a)(4)-(5), 636(c); *cf. In re Estate of Small,* 57 V.I. 416, 429 n.5 (2012) ("[F]ederal magistrates' authority . . . is considerably more restrained than the authority granted to Virgin Islands magistrates."). By contrast, in the Virgin Islands, Superior Court magistrates (and judges

sitting as magistrates) have full authority in Magistrate Division cases to conduct all of the proceedings, including issuing judgments and other dispositive orders. If none of the parties pursue an appeal (whether in the Appellate Division or the Supreme Court), the judgment or other dispositive order in a Magistrate Division case is enforceable. *Cf. Mustafa v. Camacho*, 59 V.I. 566, 571 n.3 (2013) ("[W]e question whether Virgin Islands law permits a judge to *sua sponte* review a judgment entered by the Magistrate Division pursuant to its original jurisdiction under section 123(a).").

▮ Yet, even though the parties appreciate these distinctions, they still conflate Superior Court magistrates with the Magistrate Division of the Superior Court. For example, Xavier only filed an "appellate" brief after the Clerk's Office assigned his petition to a judge and transferred his case to the Appellate Division. Similarly, while Treasure Bay was first to point out that Xavier should have filed a motion for reconsideration, not a petition for appellate review, Treasure Bay later failed to appreciate that this Court, sitting in an appellate capacity, lacked the authority to grant or deny its motion for leave to file under seal its motion to confirm the arbitration award.[6] A motion to confirm an arbitration award is directed to

---

[6] The Clerk adopted a new case assignment procedure in 2015, "whereby petitions for review filed with the Appellate Division on appeal from the Magistrate Division are assigned a new case number." *David v. People*, SX-15-RV-007, 2016 V.I. LEXIS 15, at *1 n.1 (Super. Ct. App. Div. Feb. 22, 2016) (quotation marks and citation omitted)). However, because Xavier filed his petition in December 2014, a month before the change took effect, his petition was docketed within his civil case. *Cf. id.* 2016 V.I. LEXIS 15, at *13 n.1 ("In the past, the Clerk's office docketed petitions for review within the same case file. . . . Confusion and delay often resulted because the same case file had to move between the appellate court and the trial court with each occasionally issuing orders in the same case at the same time."). Given the confusion caused by having two different matters proceeding within the same case, Judge Molloy, understandably, granted Treasure Bay's motion to file under seal its motion to lift the stay and enter judgment, assuming the motion was directed to him as the trial judge. It was. But, by then, the Clerk's office had already transferred Xavier's case to the Appellate Division and, essentially, reassigned it to the undersigned judge. But not according to the docket. To explain: when the Superior Court transitioned to an electronic docketing system in 2005, the docket showed which judge (and later which magistrate) was assigned to a case. In this way, judges, magistrates, and their staff, as well certain court clerks, could run reports and identify all cases assigned to a specific judge. When the assigned judge changed — because of recusal, retirement, or reassignment — the corresponding judge code on the electronic docket was also changed. However, when the Appellate Division was created in 2010, *see In re: Order Amend. Rules*, 2010 V.I. LEXIS 105, at *5 (creating an appellate division "within the Office of the Clerk"), the Clerk decided that petitions for review would remain within the

262

the trial court in the first instance, whereas the Appellate Division of the Superior Court "functions like an appellate court." *Carlos Warehouse v. Thomas*, 64 V.I. 173, 180 (Super. Ct. App. Div. 2016) (quotation marks and citation omitted).

■ The Appellate Division reviews appeals from *cases* heard and decided in the Magistrate Division, not just *decisions* issued by Superior Court magistrates. *Cf. In re Estate of George*, 59 V.I. 913, 920 (2013) ("[T]he Virgin Islands Code does not simply provide that all appeals from decisions rendered by Superior Court magistrates are appealable to Superior Court judges; rather, it provides that all appeals from the Magistrate Division must be filed in the Superior Court . . . [and] heard by the Appellate Division." (quotation marks, brackets, and citations omitted)). Certainly, decisions issued by Superior Court magistrates in Magistrate Division cases can be reviewed in the Appellate Division. But the Appellate Division also reviews Magistrate Division cases presided over by Superior Court judges sitting as magistrates. *See Brown*, 59 V.I. at 587-88; *see also Estate of George*, 59 V.I. at 920 ("[W]hen a Superior Court judge, by assignment or otherwise, exercises the jurisdiction of a magistrate, the appellate procedure remains unchanged, and the matter is heard by the Appellate Division."). Furthermore, the Appellate Division does not have authority to review by petition every decision a Superior Court magistrate renders because not every decision of a magistrate is rendered in a Magistrate Division case. *Cf.* 4 V.I.C. § 123(d) ("Upon consent of the parties, the magistrate may conduct all proceedings in a jury or non-jury civil matter, including trial and enter a judgment in the case."). In other words, the focus is not on who issued the decision, but rather on what kind of case the decision was issued in. This distinction

---

same case being appealed and also that the judge code would not change. As a result, not only would "[a] petition for review from an order issued in a small claims action . . . be docketed within the same small claims case file that was before the magistrate," *David*, 2016 V.I. LEXIS 15, at *13 n.1, but the electronic docket for the case also showed that it was still assigned to the magistrate (or the judge sitting as a magistrate) who handled the case through conclusion. Here, for example, the docket for Xavier's case still shows that it is assigned to Judge Molloy, even though the Clerk's Office effectively reassigned the case to the undersigned judge to handle this review. "Confusion and delay," *id.*, certainly resulted, not only from petitions for review being docketed within the same case, but also because the judge code on the electronic docket was not changed to reflect that the case was now in the Appellate Division.

between Superior Court magistrates and the Magistrate Division of the Superior Court is why Xavier's Petition must be dismissed.

■ The right of appeal is a statutory right, not a common law right. *See, e.g., Greer v. Baker*, 137 Haw. 249, 369 P.3d 832, 835 (2016) ("There is no common law right to appeal. 'The right to appeal is purely statutory, and exists only when given by some constitutional or statutory provision.' " (quoting *Lingle v. Haw. Gov't Employees Ass'n*, 107 Haw. 178, 111 P.3d 587, 593 (2005)); *Wilson v. Sch. Twp. No. 6*, 23 Mo. 416, 417 (1856) ("Writs of error and certiorari are common law writs, and may be used where they are appropriate; but an appeal is a statutory remedy that exists only in the cases in which it is expressly given." (internal citation omitted)). In granting the right to appeal, legislatures can set conditions and impose limitations on how and when an appeal is taken. *See, e.g., Smith Sec. Co. v. Multnomah Cty*, 98 Ore. 418, 194 P. 428, 428 (1921) (" 'There is no common-law right of appeal. The right is wholly statutory unless expressly secured by the Constitution. The Constitution of Oregon, Article VII, Section 9, does not guarantee a right of appeal from every finding by an inferior court or tribunal.' " (quoting *Kadderly v. Portland*, 44 Ore. 118, 74 P. 710, 723 (1903)); *accord Stiles v. Yob*, S. Ct. Civ. No. 2016-0027, 2016 V.I. Supreme LEXIS 23, at *8 (June 8, 2016) ("The Virgin Islands Legislature unquestionably possesses the authority to determine the jurisdiction of Virgin Islands courts. The Legislature has exercised that power to adopt the final judgment rule, and to establish a set of permissible interlocutory appeals as of right." (citations omitted)).

■ In creating the Magistrate Division, the Legislature provided a right of appeal. *See* 4 V.I.C. § 125 ("All appeals from the Magistrate Division, except as otherwise provided for in this chapter, must be filed in the Superior Court or to the Supreme Court, if appealable to the Supreme Court as provided by law."). But the Legislature did not extend this right to every decision a Superior Court magistrate makes. Rather, the right of appeal extends only to cases within the original jurisdiction of the Magistrate Division. *See id.* § 123(b). By contrast, when a Superior Court judge designates a case to Superior Court magistrate to hear and determine a pretrial motion, the judge may later "*reconsider*" the magistrate's decision but only "where it has been shown that the . . . order is clearly erroneous or contrary to law." 4 V.I.C. § 123(c) (emphasis added). Reconsideration and appeal certainly share the same end in that both result in further review of an earlier decision. But they reach that end

through different means and with different consequences. Appeal is of right,[7] while reconsideration is within a court's discretion. Likewise, reconsideration can occur at any time before final judgment. *See Antilles School, Inc. v. Lembach*, 64 V.I. 400, 421 n.9 (2016) (" '[T]the common law confers trial courts with the discretion to revise any interlocutory order *at any time* prior to entry of a final judgment.' " (emphasis added) (quoting *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 609 (2012)); however, an appeal can be dismissed if certain procedures are not followed. *Cf. Mustafa v. Camacho*, 59 V.I. 566, 571 n.2 (2013) ("[I]t is well-established that courts may invoke claims-processing rules *sua sponte* if the 'rule implicates judicial interests beyond those of the parties.' " (quoting *United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008) (reversing Appellate Division for excusing failure to pay filing fee)).

■ Here, Xavier could seek (or could have sought) reconsideration. But he does not have the right to appeal the magistrate's order to the Appellate Division — regardless whether a party must comply with an order compelling arbitration first before it can appeal that order — because Xavier's personal injury case is not among the cases within the original jurisdiction of the Magistrate Division. Xavier demanded a trial by jury when he filed his complaint. So, the Civil Division transferred his case to the Jury Trial Division after assigning it to a Superior Court

---

[7] The Legislature did not attach any conditions to appeals from the Magistrate Division, except that such appeals must be filed in the Superior Court. *See* 4 V.I.C. § 125. If a petition for review functions like other petitions, such as a petition for a writ of mandamus or for a writ of habeas corpus in which a *prima facie* case must be shown first, then a petition for review might not be proper. Appeals typically proceed by notice because they are of right, whereas petitions proceed by permission and thus must be granted. *See Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska Ct. App. 1997) ("The right of 'appeal' means the right to require an appellate court to review a lower court's decision. The right of 'petition', on the other hand, means the right to request an appellate court to review a lower court's decision — a request which the appellate court may grant or deny as it sees fit." (citations omitted)); *see also Fay v. Costa*, 2 Cal. App. 241, 83 P. 275, 278 (1905) ("Our code, in the section just cited, uses the word 'appeal' as indicating something different from a writ of review."); *Winpenny v. Winpenny*, 434 Pa. Super. 348, 643 A.2d 677, 679 (1994) ("Except for appeals from decisions of the Commonwealth Court and direct appeals allowed . . . [by statute], petitions to the Supreme Court of Pennsylvania are by permission, not by right." (citations omitted)). To date, no court in the Virgin Islands has considered whether a petition for review must be granted first, before for the appeal can proceed in the Appellate Division.

judge.[8] Although a magistrate was later designated to assist the judge in deciding Treasure Bay's motion to compel arbitration, the designation did not result in Xavier's case being transferred to the Magistrate Division. The Court takes judicial notice that the standard procedure in the Superior Court is that, when a Superior Court judge designates a case to a Superior Court magistrate, the case remains with the division it was filed in and assigned to the judge who requested the designation. The magistrate merely steps into the shoes of the judge to decide the motions designated.

 For this reason, the same procedures apply when a magistrate decides a non-dispositive motion as when a judge decides the motion: any party who objects can move for reconsideration within a certain period of time. *Compare* SUPER. CT. R. 320(c)(1) (ten days to request judge reconsider magistrate's decision), *with* LRCI 7.3 (fourteen days to request judge reconsider her or his own decision). *But cf. Antilles School*, 64 V.I. at 421 n.9. The only difference — when a magistrate rules on a motion designated by a judge — is which judicial officer hears the motion for reconsideration. Typically, a reconsideration motion is directed to the same judicial officer who issued the underlying decision, if only to give that judicial officer a chance to correct her or his own clear error or to consider any changes in the law. However, for magistrate designations the legislature instead directed that reconsideration of non-dispositive motions must be heard by the assigned judge. *See* 4 V.I.C. § 123(c). This does not, however, create an anomaly, as Xavier calls it, between judges issuing "an interlocutory order" and magistrates issuing the same kind of order, but with different times within which the same kind of order could be " 'appealed.' " (Pet'r's Opp'n 3.) Xavier claims that the legislation "creating the Magistrate Division . . . and the Rules issued by the . . . [Superior] Court . . . [should] not command such a[n] unjust result." *Id.* Again, Xavier overlooks the dual role magistrates have in the Superior

---

[8] The Virgin Islands Code provides for the following divisions within the office of the Clerk of the Superior Court: criminal, civil, traffic, family, magistrate, conciliation, and small claims. *See* 4 V.I.C. § 79(a). Pursuant to Section 79(a), the court created an appellate division in 2010, *see supra*, note 4, and sometime before 1997, a probate division as well. *Cf. In re: Estate of Ledee*, 37 V.I. 37, 42 (Terr. Ct. 1997) (referring to the probate division as a division within the clerk's office). When (or if) a Jury Trial Division was formally created pursuant to Section 79(a) is unclear. But the practice within the Superior Court (and the Territorial Court before it) has been that new cases are processed by the Civil Division or the Criminal Division and, if a trial by jury is demanded, transferred to the Jury Trial Division.

Court as well as the difference between reconsideration and appeal. Here, this Court, in its appellate capacity, has no authority to review the order Xavier has challenged. Hence, Treasure Bay's Motion to Dismiss must be granted.

### B. Treasure Bay's Motion to Strike Xavier's Petition

 Courts have inherent authority to strike "papers and other items" from "becom[ing] part of the record." *Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 126 (2015) (citations omitted). But "[a] motion to strike raises a question of propriety rather than of right." *Id.* at 128 (quotation marks and citation omitted). Striking papers from the record is within the court's discretion. *See id.* But pleadings and other papers should only be stricken when they "are in themselves improper and objectionable, or . . . improperly placed on file." *Id.* (citation omitted).

In moving to strike Xavier's Petition, Treasure Bay correctly notes that Xavier "was required to file a motion for reconsideration, not a petition for review." (Resp. Mot. 5.) But Treasure Bay then fails to articulate any reason as to why filing the wrong paper warrants striking that paper from the court record. Xavier's Petition was not improper. A petition for review is the correct paper to file to obtain review in the Appellate Division from a case heard in the Magistrate Division. *But cf., supra*, note 7. Additionally, no court in the Virgin Islands has yet considered whether a petition for review or a motion for reconsideration is the proper vehicle for obtaining review of a decision rendered by a Superior Court magistrate on designation. While the answer might seem apparent, the Virgin Islands Code is silent. *See* 4 V.I.C. §§ 123(c), 125 (no method specified to obtain reconsideration). The Superior Court later promulgated rules pursuant to authority granted by the Legislature. *See* Act No. 6985, § 7(b), 2007 V.I. Sess. L. 229, 231 (Dec. 22, 2007), *repealed by* Act 7888, § 6(d), 2016 V.I. Sess. L. ___ (July 30, 2016). However, the rules later promulgated are not especially clear. *Compare* SUPER. CT. R. 320(c) (*reconsideration* of magistrate's pretrial decisions on *motion*), *with* SUPER. CT. R. 322(a) ("Parties seeking to challenge a *decision* of a magistrate . . . may obtain *review* from a trial judge of the Court, as provided herein, unless another *appellate remedy* is otherwise provided by law." (emphasis added)), and SUPER. CT. R. 322(b)(1) (defining petition for review as "a paper submitted to the Court requesting an internal appeal *or review* from a *decision* of a magistrate" (emphasis

added)). Admittedly, courts have also not been careful in distinguishing between the Magistrate Division of the Superior Court and Superior Court magistrates. *See, e.g.*, *Willie v. Sekou*, ST-11-SM-110, 2016 V.I. LEXIS 142, at *3 (Super. Ct. App. Div. Sept. 19, 2016) ("The Appellate Division of the Superior Court 'has jurisdiction to review judgments and orders *issued by a Magistrate*, as a result of the Magistrate exercising his or her original jurisdiction as provided for at 4 V.I.C. § 123.' " (emphasis added) (brackets and footnote omitted) (quoting *Payne v. Lehtonen*, 55 V.I. 286, 289 (Super. Ct. App. Div. 2011)). *Compare Moore v. Walters*, 61 V.I. 502, 507 (2014) ("When reviewing decisions of the Appellate Division of the Superior Court, we typically consider the underlying rulings made by *the Magistrate Division* only to the extent that they were adopted or affirmed by the judge of the Appellate Division." (emphasis added) (citation omitted)), *with Kalloo v. Estate of Small*, 62 V.I. 571, 577 (2015) ("When reviewing decisions of a judge of the Appellate Division of the Superior Court, we consider the underlying rulings made by *the magistrate* only to the extent that the Appellate Division affirmed them." (emphasis added) (citations omitted)).

▇▇ Although Xavier filed a petition for review, rather than a motion for reconsideration, filing the wrong paper does not mean the paper must be stricken as improper. Likewise, parties have the right to file papers in their own cases. *Cf. In re: Alumina Dust Claims*, 67 V.I. 172, 188 (Super. Ct. 2017) ("Documents filed by *nonparties* can be stricken from court files." (emphasis added) (citations omitted)). Xavier had the right to file a petition for review, even if it was incorrect, so there is no basis for striking his Petition from the record. In addition, another, more important, reason exists for denying Treasure Bay's Motion to Strike and that is because Xavier's Petition (as well as the parties' arguments for and against it) raises important questions of first impression in the Virgin Islands, namely whether a motion to compel arbitration and to stay should be considered dispositive or non-dispositive for purpose of the Virgin Islands Magistrates Act. Federal courts are divided on this question in reference to the Federal Magistrates Act.[9] One Superior Court judge has

---

[9] *Compare V.I. Water & Power Auth. v. Gen. Elec. Int'l, Inc.*, 561 Fed. Appx. 131, 133-34 (3d Cir. 2014) ("The appropriate inquiry is whether such a motion is dispositive and motions to compel arbitration and stay the proceedings are not. . . . A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders

concluded that dismissing, not staying, is the better approach to deciding a motion to compel arbitration, *see Prentice v. Seaborne Aviation, Inc.,* 65 V.I. 96, 113 (Super. Ct. 2016) ("[T]he best policy for the Virgin Islands is to permit discretionary dismissal of actions in which all claims have been referred to mandatory, binding arbitration."), while another judge has held that incorporating an arbitration agreement into a motion to dismiss converts the motion into a motion for summary judgment if the agreement was not attached to the pleadings. *See Burke v. Treasure Bay V.I. Corp.,* SX-16-CV-121, 2016 V.I. LEXIS 161, at *5-7 (Super Ct. Oct. 6, 2016) (converting pre-answer motion to dismiss to motion for summary judgment). Both decisions could be read as implying that deciding a motion compel arbitration is dispositive of a case.

Determining whether a motion to compel arbitration is dispositive goes hand in hand with determining whether Xavier should have moved for reconsideration or submitted objections instead. *Cf.* SUPER. CT. R. 320(d). Both questions are for the trial court judge to decide, however, not the Appellate Division. Since Xavier's Petition, and the briefing submitted in response, raise important questions of first impression, the Court finds that striking the Petition is simply not warranted here. Instead, the papers filed on review should remain on file for the assigned judge to consider.

---

granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation. And, even where motions to compel arbitration are granted, federal courts continue to retain the authority to dissolve any stay or make any orders effectuating arbitration awards." (internal citations omitted), and *Herko v. Metropolitan Life Ins. Co.,* 978 F. Supp. 141, 142 n.1 (W.D.N.Y. 1997) ("The dispositive/non-dispositive distinction is drawn because the Constitution requires that Article III judges exercise final decisionmaking authority. A motion to compel arbitration is not one of the listed dispositive motions and . . . this court has determined that it is not analogous to one of the listed motions." (quotation marks and citations omitted)), *with Flannery v. Tri-State Div.,* 402 F. Supp. 2d 819, 821 (E.D. Mich. 2005) ("[A]n order compelling arbitration has the practical effect of allowing the case to proceed in a different forum. Therefore, the Court views the order compelling arbitration as a dispositive order that should be reviewed *de novo.*"). *See also AMA Multimedia, LLC v. Borjan Solutions, S.L.,* 2:15-cv-01673, 2016 U.S. Dist. LEXIS 51223, at *5-6 (D. Nev. Feb. 8, 2016) ("Some courts have held that a motion to compel arbitration is a dispositive motion. Other courts, however, have found that a motion to compel arbitration is a non-dispositive pretrial matter which may be heard and finally decided by a magistrate judge." (citations omitted)) (collecting cases); *Amat v. Rey Pizza Corp.,* 204 F. Supp. 3d 1359, 2016 U.S. Dist. LEXIS 125054, at *5 (S.D. Fla. July 6, 2016) (proceeding by report and recommendation because "the Eleventh Circuit has still not ruled on th[e] issue" whether motions to compel arbitration are dispositive).

## CONCLUSION

 The right of appeal must be granted by statute. The Legislature provided a right of appeal from Magistrate Division cases, *see* 4 V.I.C. § 125, but not from decisions issued by Superior Court magistrates on designation. *See* 4 V.I.C. § 123(c). Instead, this Court concludes that reconsideration was the proper vehicle to obtain review of a decision issued by a magistrate on designation. Notwithstanding that the rules of the Superior Court purportedly speak of appeals from decisions of magistrates, *but cf. Henry v. Dennery*, S. Ct. Civ. No. 2012-0130, 2013 V.I. Supreme LEXIS 4, at *5-6 (V.I. Jan. 11, 2013), this Court concludes that Xavier does not have a right of appeal to the Appellate Division because the order he wants reviewed was not issued in a case commenced or transferred to the Magistrate Division within its original jurisdiction. Rather, the order was issued in a case designated to a Superior Court magistrate by a Superior Court judge. Ergo, Treasure Bay's motion must be granted and Xavier's Petition dismissed. Striking his Petition, however, is unnecessary, because of the important questions it raises. This case will be returned to the Jury Trial Division for the assigned judge to take whatever steps deemed appropriate. An order accompanying this opinion follows.