

**FILED**
October 27, 2020
SX-2020-RV-00001
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| Simmiolkjier,<br><br>  Appellant/Respondent,<br><br>v.<br><br>Sonya Williams and Jose Ilarraza Jr.,<br><br>  Appellees/Petitioners. | SX-20-RV-1<br><br><br>ACTION FOR MAGISTRATE APPEAL |

### Cite as: 2020 VI Super 90U

**Appearances:**

**DESNI SIMMIOLKJIER**
*Pro-Se*

**KYE WALKER, ESQ.**
*Attorney for Appellees Sonya Williams and Jose Ilarraza Jr.*

### MEMORANDUM OPINION

¶ 1.    **THIS MATTER** is before the Appellate Division of the Superior Court on Appellant Desni Simmiolkjier's ("Ms. Simmiolkjier") Notice of Appeal of a judgment entered against her by the Magistrate Division on January 27, 2020. Ms. Simmiolkjier asserts she was not afforded due process by the Magistrate Judge.  For the reasons stated below, this Court will affirm the ruling of the Magistrate Judge.

I.    Factual and Procedural Background

¶ 2.    On January 8, 2020, Ms. Simmiolkjier was accused of approaching Sonya Williams ("Ms. Williams") and Jose Ilarraza, Jr. ("Mr. Ilarraza") and starting a verbal altercation. The altercation escalated when Ms. Simmiolkjier retrieved her police baton and began waving it at Mr. Ilarraza in a threatening manner. Ms. Williams and Mr. Ilarraza went to the police

station to file a report of Ms. Simmiolkjier's behavior and were threatened by Ms. Simmiolkjier once more. Ms. Williams and Mr. Ilarraza alleged that Ms. Simmiolkjier had verbally threatened both Ms. Williams and Mr. Ilarraza at least once prior to the January 8, 2020 incident.

¶ 3.    On January 9, 2020, Ms. Williams and Mr. Ilarraza filed a Petition for Protection Order against Ms. Simmiolkjier. The Petition alleged that Ms. Simmiolkjier had threatened and harassed Ms. Williams and Mr. Ilarraza on several occasions. In response to the Petition for Protection Order, a Temporary Stalking Relief Order was granted by the Magistrate Judge on January 10, 2020.

¶ 4.    The matter was scheduled for a hearing on January 16, 2020. At the hearing, Ms. Williams and Mr. Ilarraza called three witnesses to corroborate their version of the events that took place on January 8, 2020. Ms. Simmiolkjier did not present a witness and the matter was continued until January 23, 2020. The continuance was granted in order to allow Ms. Simmiolkjier an opportunity to present her own witnesses and any supporting evidence to prove that she was being threatened and harassed by Ms. Williams and Mr. Ilarraza. At the January 23, 2020 hearing, Ms. Simmiolkjier did not present a witness or proffer sufficient proof that she was the party being harassed. The Magistrate Judge then entered a Harassment Protection Order on behalf of Ms. Williams and Mr. Ilarraza on January 27, 2020. The Harassment Protection Order prohibited Ms. Simmiolkjier from contacting or communicating with Ms. Williams and Ms. Ilarraza, whether directly or indirectly. The Harassment Protection Order is in effect until January 23, 2022.

¶ 5.     Ms. Simmiolkjier filed a Notice of Appeal of the Magistrate Judge's Order on February 4, 2020. In her notice, Ms. Simmiolkjier asserted that she was not given an opportunity to be heard because she was prohibited from presenting evidence that Ms. Williams and Mr. Ilarraza threatened her. Ms. Simmiolkjier claims this evidence was stored on her cell phone, which she was not permitted to bring to the courtroom.

II.     Discussion

A. Standard of Review

¶ 6.     The Magistrate Division has original jurisdiction over civil stalking complaints. 5 V.I.C. § 1473(a); *accord Xavier v. Treasure Bay V.I. Corp.*, 67 V.I. 251, 258 (V.I. Super. Ct. App. Div. 2017). Appeals from the Magistrate Division are filed in the Superior Court. 4 V.I.C. § 125. Petitions to review a decision from the Magistrate Division must be filed "within ten (10) days after entry of the order sought to be reviewed." SUPER. CT. R. 322.1(a)(2)(A). Ms. Simmiolkjier's Notice of Appeal filed on February 4, 2020 is timely. Therefore, the Appellate Division has appellate jurisdiction over this matter.

¶ 7.     The Magistrate Judge is the finder of fact for all original jurisdiction cases. *In re Estate of Small*, 57 V.I. 416, 429 (V.I. 2012). Factual determinations are reviewed for clear error, whereas legal findings, statements of law, and the application thereof are afforded plenary review. SUPER. CT. R. 322.3(b)(1) and (2). "The Appellate Division cannot ignore these standards of review because it 'would render the proceedings that occurred in the Magistrate Division a complete nullity.'" *Williams v. Bellot*, 70 V.I. 38, 47-48 (V.I. Super. Ct. App. Div. 2019) (citing *Henry v. Dennery*,

S. Ct. Civ. No. 2012-0130, 2013 V.I. Supreme LEXIS 4, [WL], *2 (V.I. Jan. 11, 2013) (unpublished). Thus, a ruling of the Magistrate Judge can only be overturned when there is evidence that a factual determination is clearly erroneous. A determination is clearly erroneous when it is "completely devoid of minimum evidentiary support" or "bears no rational relationship to the supportive evidentiary data". *Hodge v. McGowan*, 50 V.I. 296, 316 (V.I. 2008).

### B. Due Process

¶ 8.      The Revised Organic Act makes the Fourteenth Amendment applicable to the U.S. Virgin Islands. 48 U.S.C. § 1561.   The Equal Protection Clause made applicable to the U.S. Virgin Islands states "[n]o law shall be enacted in the Virgin islands which shall deprive any person of life, liberty, or property without due process of law or deny to any person therein equal protection of the laws." *Id.* Ms. Simmiolkjier claims that the Magistrate Judge violated her due process rights. This assertion is based on Ms. Simmiolkjier being prohibited from bringing her phone into the courtroom, which contained her evidence of Ms. Williams and Mr. Ilarraza's provocation towards her. However, this assertion is not supported by evidence. The record is absent of any indication that Ms. Simmiolkjier informed the Magistrate Judge that she had evidence on her phone and was prohibited from presenting it to the Court. Absent the Magistrate Judge's knowledge of this information there is no support for Ms. Simmiolkjier's claims. This Court finds no basis for her due process violation claims.

¶ 9.     The Magistrate Judge made his factual determinations based on the evidence that was present and readily available. The witnesses' testimony at the initial hearing provided more insight into the confrontational nature of the events on January 8, 2020. It was based on this testimony that the Magistrate Judge made his determinations when entering the Harassment Protection Order. The factual determinations of the Magistrate Judge are not clearly erroneous since there is a minimum of evidentiary support, as required by *Hodge*. Therefore, there was sufficient evidence to support Ms. Williams and Mr. Ilarraza's claim against Ms. Simmiolkjier.

III.     Conclusion

¶ 10.     For the reasons stated above, the Magistrate Division's ruling to grant a Harassment Protection Order in favor of Ms. Williams and Mr. Ilarraza is **AFFIRMED**.

**DONE AND SO ORDERED** this **27th** day of **October** 2020.

_____
**HONORABLE JOMO MEADE**
JUDGE OF THE SUPERIOR COURT

**A T T E S T:**
**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk

Date: _____
10/27/2020